UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

(Newark Vicinage)

DIALECTIC PR, LLC, Plaintiff,

v.

ANKI, LLC f/k/a DIGITAL DREAM LABS, INC.

and

HARRY JACOB HANCHAR,

Defendants.

Civil Action No. [to be assigned]

(Removed from Superior Court of New Jersey, Law Division, Bergen County, Docket No. BER-L-001813-26)

NOTICE OF REMOVAL

Defendant Harry Jacob Hanchar, appearing pro se solely in his individual capacity and not on behalf of the corporate co-defendant ANKI, LLC f/k/a Digital Dream Labs, Inc., hereby removes this civil action from the Superior Court of New Jersey, Law Division, Bergen County, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support thereof, Defendant Hanchar states as follows:

1. On February 2, 2026, Plaintiff filed the Complaint in the Superior Court of New Jersey, Bergen County, under Docket No. BER-L-001813-26. A true and correct copy of the Complaint is attached as Exhibit A.
2. Defendant Hanchar was personally served with the Summons and Complaint on February 16, 2026. On March 18, 2026, Defendant Hanchar (pro se in his individual capacity) filed a Motion for a 60-day extension of time to answer or otherwise respond (to May 22, 2026). This Notice of Removal is timely under 28 U.S.C. § 1446(b).
3. This Court has original subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a) (diversity jurisdiction) because:
   a. The amount in controversy exceeds $75,000, exclusive of interest and costs (Plaintiff seeks repayment of approximately $20 million plus interest, attorney fees, and replevin of intellectual property).
   b. There is complete diversity of citizenship: Plaintiff is a Puerto Rico entity with its principal place of business in New Jersey; Defendant Hanchar is a citizen of

Pennsylvania; and the corporate co-defendant ANKI, LLC f/k/a Digital Dream Labs, Inc. is an entity incorporated in Delaware and Anki is Texas-based entity.

c. This action is removable pursuant to 28 U.S.C. § 1441(a). Defendant Hanchar notes that the corporate co-defendant ANKI, LLC f/k/a Digital Dream Labs, Inc. must be represented by licensed counsel and has not yet appeared or been properly served in this matter.

d. Defendant Hanchar reserves the right to file a motion to transfer venue to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses and in the interest of justice.

A copy of this Notice of Removal will be promptly filed with the Clerk of the Superior Court of New Jersey, Bergen County, and served on Plaintiff's counsel.

WHEREFORE, Defendant Harry Jacob Hanchar, pro se in his individual capacity only, respectfully requests that this action be removed to this Court.

May 18, 2026

Harry Jacob Hanchar, Pro Se (Individual Capacity Only)

22 Wedgewood Lane

Pittsburgh, PA 15215

Hjh122@gmail.com

412-852-7132

CERTIFICATE OF SERVICE

I certify that on May 18, 2026, a true copy of the foregoing Notice of Removal was served on Plaintiff's counsel via certified mail, return receipt requested, at:

David Rubenstein, Esq.

Rubenstein Business Law

100 Horizon Center Boulevard

Hamilton, NJ 08691

Harry Jacob Hanchar

# Exhibit

# A

**Rubenstein Business Law**
**100 Horizon Center Boulevard**
**Hamilton, NJ 08691**
**Ph: (609) 528-5673**
**Fax: (609) 528-5601**
**Attorney ID 012912005**

| | |
|---|---|
| **DIALECTIC PR, LLC,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**ANKI, LLC f/k/a DIGITAL DREAM LABS, INC. AND HARRY JACOB HANCHAR,**<br><br>**Defendants.** | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION: BERGEN COUNTY**<br><br>**Docket No.**<br><br>**Civil Action**<br><br>**<u>COMPLAINT & JURY DEMAND</u>** |

Plaintiff, Dialectic PR, LLC ("Dialectic" or "Plaintiff"), complaining of Defendants ANKI, LLC f/k/a Digital Dream Labs, Inc. and Harry Jacob Hanchar (collectively "Defendants") say:

## THE PARTIES

1. Plaintiff Dialectic PR, LLC is a Puerto Rican corporation with a New Jersey principal place of business located at 133 Bauer Drive, Oakland, NJ 07436. Dialectic is a long-standing distribution specialist. Dialectic is backed by more than two decades of experience serving a wide range of industry sectors across the world. Dialectic has built its business on fostering quality customer relationships and respect for others in the industry.

2. Defendant, ANKI, LLC f/k/a Digital Dream Labs, Inc. ("ANKI") is a limited liability company located at 3005 South Lamar Blvd., Ste D109, Box 208, Austin, TX 78704.

3. Defendant Harry Jacob Hanchar is an individual who resides at 22 Wedgewood Lane, Pittsburgh, PA 15215. He is a citizen of Pennsylvania. He is the owner of ANKI, LLC f/k/a Digital Dream Labs, Inc.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court because Plaintiff resides in New Jersey, and Defendants transact business within this State and the causes of action arise from their business activities here. In addition, the Agreements between the parties mandate that all claims must be brought in Bergen County, New Jersey.

5. Venue is proper in this County because Plaintiff resides in New Jersey. Additionally, Defendants conducted business here, the transaction occurred here, and the harm was suffered here.

## FIRST COUNT
(Replevin and Possession)

4. In early 2023, ANKI approached Dialectic about forming a business relationship. ANKI desired a loan from Dialectic to infuse additional capital into ANKI to manufacture more robots. ANKI also desired to hire Dialectic to become the exclusive distributor of ANKI products worldwide.

5. On March 30, 2023, ANKI, LLC f/k/a Digital Dream Labs executed a Promissory Note in favor of Dialectic. The Note provided that Dialectic would loan up to $20M to ANKI, which would accrue at simple interest of 2% per year. The Note further added that all the funds plus interest would be due at maturity by April 1, 2024. In addition, the Note provided that Hanchar would be treated as a Guarantor of Dialectic's Loan.

6. Additionally, the Note provided that Dialectic would be entitled to: one (1) Board Seat, 15% of any subscription or warranty service, review of the books and records, and a joint bank

account for shopify.

7. The Note further adds that in the event that ANKI or Hanchar did not make payments, then Dialectic was entitled to declare a Default, accelerate the Loan and demand the full amount due. Finally, the Note provided that, as collateral for the Loan, ANKI pledged all of their intellectual property to Dialectic.

8. From March 2023 through April 2023, Dialectic loaned Defendants four separate payments of $1,606,406.51 to the Defendants. In return, Defendants repaid Dialectic a total of $606,992.18 from April 2023 through August 2023. A balance of $999,414.33 remains outstanding.

9. However, Defendants defaulted on their obligations. Defendants failed to provide: one (1) Board Seat, 15% of any subscription or warranty service, review of the books and records, and a joint bank account for shopify. In addition, the Defendants' actions in 2023 rendered ANKI insolvent.

10. In 2023, Dialectic learned that DDL's computer server was shut down for non-payment, and that DDL has failed to pay other bills to creditors. Specifically, Dialectic learned that on July 24, 2023 that Amazon Web Services ("AWS") shut down DDL's server. The server contains critical data that is necessary to operate DDL's robots. Without the server, all of the robot units are non-functional.

11. Furthermore, Dialectic has also learned that the Defendants are in default of a large debt owed to another lender through the Small Business Administration. On August 16, 2023, a company called Newtek Small Business Finance, LLC filed a lawsuit in Pennsylvania against the Defendants asserting that Defendants obtained a loan through Newtek through the SBA lending program, and declared that the Defendants are in default of their loan obligations by failure to repay the loan. Specifically, the lawsuit contains a Confession of Judgment against the Defendants in the

amount of $3,890,351.96.

12. Consequently, on August 10, 2023, Dialectic sent a letter to the Defendants declaring that the Loan is in Default, the Loan is accelerated, and demanded that Defendants repay Dialectic's Loan plus interest. Defendants have refused to do so.

13. On September 22, 2023, Dialectic sent a letter to the Defendants demanding possession of the Defendants' intellectual property.

14. As of April 1, 2024 and continuing through today, a balance of $999,414.33 plus interest remains due and owing.

15. To succeed on a claim for replevin, Plaintiff must allege the existence of a debt and the existence of a security interest, perfected or unperfected, and a chattel in possession of the debtor. N.J.S.A. § 2B:50-1 provides that "[a] person seeking recovery of goods wrongly held by another may bring an action for replevin in the Superior Court. If the person establishes the cause of action, the court shall enter an order granting possession."

16. N.J.S.A. § 2B:50-2, which governs pre-judgment writs, states that "[i]f the court, after notice and hearing, and based upon filed papers and testimony, if any, finds a probability of final judgment for the plaintiff, it may, prior to final judgment: a. grant possession of the goods to the plaintiff; or b. order other just relief."

17. Here, all the elements for replevin and possession are met. A valid debt exists because Defendants owe a debt to Plaintiff of approximately $1M based on the Promissory Note. A valid security interest exists because the Defendants promised their intellectual property as security and collateral for the debt. The Defendants are now in default on the Promissory Note.

18. The Plaintiff has demanded possession of the Defendants' intellectual property. The probability of judgment in favor of the Plaintiff is extremely likely. Therefore, the Plaintiff is entitled to replevin and possession of the Defendants' intellectual property.

**WHEREFORE**, Plaintiff demands judgment against Defendants for the following relief:

A. Awarding Plaintiff possession, custody, and control of all of Defendants' intellectual property, including but not limited to all software, trademarks, and copyrights.

B. Transferring possession, custody, and control over Defendants' AWS server to Plaintiff;

C. Awarding Plaintiffs compensatory damages;

D. Awarding Plaintiffs punitive damages;

E. Awarding Plaintiff attorneys' fees, interest and costs;

F. Such other relief as the Court deems appropriate.

**SECOND COUNT**
(Breach of Promissory Note)

19. Plaintiff repeats and realleges each and every allegation as contained in Paragraphs 1-18 as if the same were more fully set forth at length herein.

20. In early 2023, ANKI approached Dialectic about forming a business relationship. ANKI sought a loan from Dialectic to fund additional manufacturing and, at the same time, expressed its desire to hire Dialectic as the exclusive worldwide distributor of ANKI products.

21. On March 30, 2023, ANKI, LLC f/k/a Digital Dream Labs executed a Promissory Note in favor of Dialectic pursuant to which Dialectic agreed to loan up to $20 million to ANKI at 2% simple annual interest, with all principal and interest due by April 1, 2024.

22. The Note identified Hanchar as Guarantor and further granted Dialectic one Board seat, 15% of subscription or warranty service revenue, the right to review ANKI's books and records, and control over a joint Shopify bank account.

23. The Note also provided that Dialectic could declare a Default, accelerate the Loan, and demand full repayment upon non-payment by ANKI or Hanchar, and pledged all of ANKI's intellectual property as collateral for the Loan.

24. Between March 2023 and April 2023, Dialectic loaned four separate payments totaling $1,606,406.51 to the Defendants. From April 2023 through August 2023, the Defendants repaid Dialectic $606,992.18, leaving an outstanding balance of $999,414.33.

25. Despite receiving the loan proceeds, Defendants failed to perform key obligations under the Note, including providing the agreed Board seat, remitting 15% subscription or warranty service revenue, providing access to the books and records, and establishing the required joint Shopify bank account. In addition, Defendants' conduct during 2023 rendered ANKI insolvent, further undermining repayment ability and violating the core assumptions of the transaction.

26. As a result of these failures, on August 10, 2023, Dialectic declared the Loan in Default, accelerated the Note, and demanded repayment of the outstanding balance plus interest. Defendants refused. On September 22, 2023, Dialectic also demanded possession of the pledged intellectual property consistent with its rights as secured creditor. As of April 1, 2024, and continuing to the present, the balance of $999,414.33 plus interest remains due and owing.

**WHEREFORE**, Plaintiff demands judgment against ANKI for the following relief:

A. Awarding Plaintiffs compensatory damages;

B. Awarding Plaintiff attorneys' fees, interest and costs;

C. Such other relief as the Court deems appropriate.

## THIRD COUNT
(Breach of Guaranty)

27. Plaintiff repeats and realleges each and every allegation as contained in Paragraphs 1-26 as if the same were more fully set forth at length herein.

28. In early 2023, ANKI approached Dialectic about forming a business relationship. ANKI sought a loan from Dialectic to fund additional manufacturing and, at the same time, expressed its desire to hire Dialectic as the exclusive worldwide distributor of ANKI products.

29. On March 30, 2023, ANKI, LLC f/k/a Digital Dream Labs executed a Promissory Note in favor of Dialectic pursuant to which Dialectic agreed to loan up to $20 million to ANKI at 2% simple annual interest, with all principal and interest due by April 1, 2024.

30. The Note identified Hanchar as Guarantor and further granted Dialectic one Board seat, 15% of subscription or warranty service revenue, the right to review ANKI's books and records, and control over a joint Shopify bank account.

31. The Note also provided that Dialectic could declare a Default, accelerate the Loan, and demand full repayment upon non-payment by ANKI or Hanchar, and pledged all of ANKI's intellectual property as collateral for the Loan.

32. Between March 2023 and April 2023, Dialectic loaned four separate payments totaling $1,606,406.51 to the Defendants. From April 2023 through August 2023, the Defendants repaid Dialectic $606,992.18, leaving an outstanding balance of $999,414.33.

33. Despite receiving the loan proceeds, Defendants failed to perform key obligations under the Note, including providing the agreed Board seat, remitting 15% subscription or warranty service revenue, providing access to the books and records, and establishing the required joint Shopify bank account. In addition, Defendants' conduct during 2023 rendered ANKI insolvent, further undermining repayment ability and violating the core assumptions of the transaction.

34. In 2023, Dialectic learned that DDL's computer server was shut down for non-payment, and that DDL has failed to pay other bills to creditors. Specifically, Dialectic learned that on July 24, 2023 that Amazon Web Services ("AWS") shut down DDL's server. The server contains critical data that is necessary to operate DDL's robots. Without the server, all of the robot

units are non-functional.

35. Furthermore, Dialectic has also learned that the Defendants are in default of a large debt owed to another lender through the Small Business Administration. On August 16, 2023, a company called Newtek Small Business Finance, LLC filed a lawsuit in Pennsylvania against the Defendants asserting that Defendants obtained a loan through Newtek through the SBA lending program, and declared that the Defendants are in default of their loan obligations by failure to repay the loan. Specifically, the lawsuit contains a Confession of Judgment against the Defendants in the amount of $3,890,351.96.

36. As a result of these failures, on August 10, 2023, Dialectic declared the Loan in Default, accelerated the Note, and demanded repayment of the outstanding balance plus interest. Defendants refused. On September 22, 2023, Dialectic also demanded possession of the pledged intellectual property consistent with its rights as secured creditor.

37. As of April 1, 2024, and continuing to the present, the balance of $999,414.33 plus interest remains due and owing.

38. Under the Guaranty, Hanchar is liable for all sums due and owing.

**WHEREFORE**, Plaintiff demands judgment against Hanchar for the following relief:

A. Awarding Plaintiff compensatory damages;

B. Awarding Plaintiff punitive damages;

C. Awarding Plaintiff attorneys' fees, interest and costs;

D. Such other relief as the Court deems appropriate.

**FOURTH COUNT**

(Breach of Distribution Agreement)

39. Plaintiff repeats and realleges each and every allegation as contained in Paragraphs 1-38 as if the same were more fully set forth at length herein.

40. On April 8, 2023, the Plaintiff and ANKI executed an International Distribution Agreement. ANKI appointed Plaintiff as the exclusive distributor for five (5) years.

41. Pursuant to Paragraph 12 of the Distribution Agreement, if ANKI becomes insolvent then Plaintiff may terminate the agreement. Upon termination, Plaintiff is entitled to all sums due and owing. Additionally, ANKI is required to purchase back all products from distributor for cost.

42. Recently, it has come to Dialectic's attention that ANKI is refusing to honor the exclusive distribution relationship with Dialectic.

43. ANKI is in breach of the Distributor Agreement, resulting in damages to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against ANKI for the following relief:

A. ANKI shall repurchase all inventory from Dialectic;

B. Awarding Plaintiffs compensatory damages;

C. Awarding Plaintiffs punitive damages;

D. Awarding Plaintiff attorneys' fees, interest and costs;

E. Such other relief as the Court deems appropriate.

## FIFTH COUNT
(Unjust Enrichment)

44. In the alternative, the Plaintiff asserts that Defendants were unjustly enriched.

45. From March 2023 through April 2023, Dialectic loaned Defendants four separate payments of $1,606,406.51 to the Defendants. In return, Defendants repaid Dialectic a total of $606,992.18 from April 2023 through August 2023. A balance of $999,414.33 remains outstanding.

46. In this case, Defendants received a benefit from Plaintiff by receiving the Loan Funds. Allowing the Defendants to receive the benefit without compensation would be unjust.

47. Plaintiff, when it conferred the benefit expected to be compensated.

48. The Defendants would be unjustly enriched beyond its contractual rights if it did not have to pay for this benefit.

49. Based on the conduct of the Defendants, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for the following relief:

A. Awarding Plaintiffs compensatory damages;

B. Awarding Plaintiffs punitive damages;

C. Awarding Plaintiff attorneys' fees, interest and costs;

D. Such other relief as the Court deems appropriate.

## SIXTH COUNT
(Fraud/Fraudulent Inducement)

50. Plaintiff repeats and realleges all prior paragraphs as if set forth at length herein.

51. On or about March 30, 2023, ANKI and Hanchar approached Dialectic seeking a business relationship and represented that ANKI needed capital to manufacture additional robots and scale operations.

52. At that time, Defendants represented that ANKI was solvent, would repay all loaned funds at maturity, and that Hanchar would personally guarantee repayment of the Note, and further represented that Dialectic would receive a Board seat, revenue share, access to books and records, and collateral in the form of intellectual property.

53. On or about March 30, 2023, ANKI and Hanchar represented to Defendants that ANKI had thousands of pre-orders that were ready to ship once Dialectic provided its loan.

54. These representations were false when made, and he knew they were false. At the time these statements were made, Defendants knew they were false and/or made them with reckless

indifference to their truth.

55. Specifically, ANKI was insolvent or on the brink of insolvency, lacked the capital to perform, did not possess thousands of pre-orders, had no intention of honoring the exclusive distribution arrangement, and had no intention of repaying the Loan or performing under the Note, as evidenced by its subsequent conduct and refusal to honor essential terms of the agreements.

56. Defendants made such misrepresentations to induce Dialectic to provide over $1.6 million in funding, which Dialectic relied upon and did to its detriment.

57. Dialectic has suffered damages as a result of Defendants' fraud.

**WHEREFORE**, Plaintiff demands judgment against Defendants for the following relief:

A. Awarding Plaintiff compensatory damages;

B. Awarding Plaintiff punitive damages;

C. Awarding Plaintiff damages under the Punitive Damages Act;

D. Awarding Plaintiff attorneys' fees, interest and costs;

E. Such other relief as the Court deems appropriate.

## SEVENTH COUNT
(Appointment of Equitable Receiver)

58. Plaintiff repeats and realleges all prior paragraphs as if set forth at length herein.

59. Under New Jersey law, a receiver may be appointed when a corporation is insolvent, has suspended operations, is being mismanaged, or where the property is in danger of being wasted, lost, or diverted. See N.J.S.A. 14A:14-2; see also the Court's inherent equitable powers to protect secured creditors and preserve collateral.

60. As set forth in Paragraphs 4-14, ANKI is self-dealing, wasting corporate assets, ceased honoring its contractual obligations, and has refused to surrender collateral after demand.

61. A receiver is necessary to preserve ANKI's assets, including pledged intellectual

property, prevent waste or diversion, and ensure equitable administration for the benefit of creditors.

62. No adequate legal remedy exists because the collateral consists of software, trademarks, copyrights, AWS servers, and digital assets that may be irreparably damaged or transferred, and thus must be preserved through equitable supervision.

**WHEREFORE**, Plaintiff demands judgment against Defendants for the following relief:

A. Appointing an equitable receiver;

B. Awarding Plaintiff attorneys' fees, interest and costs;

C. Such other relief as the Court deems appropriate.

## EIGHTH COUNT

(Piercing the Corporate Veil / Alter Ego Liability as to Hanchar/Successor Liability)

63. Plaintiff repeats and realleges all prior paragraphs as if set forth at length herein.

64. Hanchar dominated and controlled ANKI and Digital Dream Labs ("DDL") such that neither entity observed ordinary corporate formalities. Hanchar commingled funds, used corporate assets for personal purposes, and operated the entities as his alter ego.

65. After incurring liabilities to Dialectic and other creditors, Hanchar formed or reorganized ANKI in 2025 as a mere continuation of DDL for the improper purpose of avoiding DDL's debts while continuing the same business operations with the same assets, intellectual property, personnel, and commercial channels.

66. Equity therefore requires that the corporate veil be pierced and Hanchar held personally liable.

**WHEREFORE**, Plaintiff demands judgment against Hanchar for the following relief:

A. Compensatory damages;

B. Punitive damages;

C. Punitive damages under the Punitive Damages Act

D. Awarding Plaintiff attorneys' fees, interest and costs;

E. Such other relief as the Court deems appropriate.

RUBENSTEIN BUSINESS LAW
Attorneys for Plaintiff

By: s/David Rubenstein
DAVID RUBENSTEIN

Date: January 23, 2026

**DESIGNATION OF TRIAL COUNSEL AND JURY DEMAND**

Pursuant to Rule 4:25-4, David Rubenstein is designated as trial counsel for the Plaintiff in the above matter, and requests a trial by jury.

RUBENSTEIN BUSINESS LAW
Attorneys for Plaintiff

By: s/David Rubenstein
DAVID RUBENSTEIN

Date: January 23, 2026

**CERTIFICATION OF NO OTHER ACTIONS**

Pursuant to Rule 4:5-1, there are no other actions between Plaintiff and Defendants in any other Court or jurisdiction.

I further certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in

accordance with Rule 1:38-7(b).

RUBENSTEIN BUSINESS LAW
Attorneys for Plaintiff

s/David Rubenstein
DAVID RUBENSTEIN

Date: January 23, 2026

# Civil Case Information Statement

**Case Details: BERGEN | Civil Part Docket# L-001813-26**

**Case Caption:** DIALECTIC PR, LLC VS ANKI LLC
**Case Initiation Date:** 02/02/2026
**Attorney Name:** DAVID JOSHUA RUBENSTEIN
**Firm Name:** RUBENSTEIN BUSINESS LAW
**Address:** 100 HORIZON CTR BLVD
ROBBINSVILLE NJ 08691
**Phone:** 6095285600
**Name of Party:** PLAINTIFF : DIALECTIC PR, LLC
**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: DIALECTIC PR, LLC? NO**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** YES
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/02/2026
Dated

/s/ DAVID JOSHUA RUBENSTEIN
Signed

# Exhibit

# B

SUPERIOR COURT OF NEW JERSEY

LAW DIVISION: BERGEN COUNTY

DIALECTIC PR, LLC,

Plaintiff,

v. ANKI, LLC f/k/a DIGITAL DREAM LABS, INC.

AND

HARRY JACOB HANCHAR, Defendants.

Docket No. BER-L-001813-26

Civil Action

NOTICE OF MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO:

David Rubenstein, Esq.

Rubenstein Business Law

100 Horizon Center Boulevard

Hamilton, NJ 08691

Attorney for Plaintiff

PLEASE TAKE NOTICE that on the earliest available date, or as soon thereafter as the matter may be heard, the undersigned Defendant, Harry Jacob Hanchar, appearing pro se, will move before the Superior Court of New Jersey, Law Division, Bergen County, at the Bergen County Justice Center, 10 Main Street, Hackensack, NJ 07601, for an Order extending the time for Defendants to answer or otherwise respond to the Complaint by 60 days, from March 23, 2026, to May 22, 2026. This motion is made pursuant to R. 1:3-4 and R. 4:6-1, for good cause shown, as set forth in the attached Certification. The movant requests oral argument if opposition is filed. A proposed form of Order is attached hereto.

March 18, 2026

Harry Jacob Hanchar, Pro Se
22 Wedgewood Lane
Pittsburgh, PA 15215
jacob@digitaldreamlabs.com

CERTIFICATION OF SERVICE

I certify that on March 18, 2026, I served a true copy of this Notice of Motion, Certification in Support, and Proposed Order upon the above-named attorney for Plaintiff via certified mail, return receipt requested

Harry Jacob Hanchar

CERTIFICATION IN SUPPORT OF MOTION FOR EXTENSION OF TIME

I, Harry Jacob Hanchar, of full age, certify as follows:

1. I am a Defendant in this action, appearing pro se on my own behalf. I make this Certification in support of my motion for a 60-day extension of time to answer or otherwise respond to the Complaint.
2. I was personally served with the Summons and Complaint on February 16, 2026, which I acknowledge was proper service upon me individually. The original deadline to respond is approximately March 23, 2026 (35 days from service).
3. However, the Complaint names additional entities: Digital Dream Labs, Inc. (a Delaware corporation) and ANKI, LLC f/k/a Digital Dream Labs, Inc. (a separate Texas-based entity). To my knowledge, neither entity has been properly served. Service upon me personally is insufficient for these corporations, as I am not their registered agent, and ANKI, is a completely separate corporation. There is confusion in the Complaint as to which entities are being sued, which requires clarification before any response can be filed.
4. I need additional time to obtain counsel for Digital Dream Labs, Inc. as corporations cannot appear pro se. I am actively seeking New Jersey-licensed counsel but require 60 more days due to the complexity of the case, involving multiple jurisdictions and entities where consideration of removal to federal court might be appropriate.
5. On March 12, 2026, I emailed Plaintiff's attorney requesting consent to a 30-day extension, but I have received no response and do not expect one, given prior interactions and now request 60 days.
6. This extension is requested in good faith, is not for delay, and will not prejudice Plaintiff, as the case is in its early stages. Denying it would prejudice Defendants by risking default due to improper service and lack of counsel.

I certify that the foregoing statements are true. I am aware that if any are willfully false, I am subject to punishment.

March 18, 2026

Harry Jacob Hanchar

PROPOSED ORDER

SUPERIOR COURT OF NEW JERSEY

LAW DIVISION: BERGEN COUNTY

DIALECTIC PR, LLC, Plaintiff,

v.

ANKI, LLC f/k/a DIGITAL DREAM LABS, INC.

AND HARRY JACOB HANCHAR, Defendants.

Docket No. BER-L-001813-26

Civil Action

ORDER EXTENDING TIME TO ANSWER OR OTHERWISE RESPOND

This matter having been opened to the Court by Defendant Harry Jacob Hanchar, pro se, for an Order extending the time to answer or otherwise respond to the Complaint, and the Court having considered the moving papers and for good cause shown;

IT IS on this _____ day of ___________, 2026,

ORDERED that:

The time for Defendants to answer or otherwise respond to the Complaint is extended by 60 days, to May 22, 2026.

A copy of this Order shall be served on all parties within 7 days of the date hereof.

______________________________

J.S.C.



7018 0680 0001 7945 2073

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®

OFFICIAL USE

Robbinsville, NJ 08691

Certified Mail Fee $5.30
$ $4.40

Extra Services & Fees *(check box, add fee as appropriate)*

| | |
|---|---|
| ☐ Return Receipt (hardcopy) | $ $0.00 |
| ☐ Return Receipt (electronic) | $ $0.00 |
| ☐ Certified Mail Restricted Delivery | $ $0.00 |
| ☐ Adult Signature Required | $ $0.00 |
| ☐ Adult Signature Restricted Delivery | $ |

Postage $1.90
$

Total Postage and Fees
$11.60
$

Postmark Here
PITTSBURGH PA 15215 MAR 18 2026
03/18/2026

Sent To David Rubenstein
Street and Apt. No., or PO Box No. 100 Horizon Center Blvd
City, State, ZIP+4® Hamilton NJ 08691

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

Gmail rubenstein

99+ Mail Chat Meet

Compose

**Inbox** 25,553
Starred
Snoozed
Sent
**Drafts** 169
Categories
**Purchases** 155
More

Labels

[Mailbox]
Filled and Paid Orders
Invoices
Later

# 30 days

**Jacob Hanchar** <jacob@digitaldreamlabs.com> Thu, Mar 12, 9:58 PM
to David, bcc: Eric, bcc: Zack

Dear Mr. Rubenstein,

I would like to request an additional 30 days (to April 22) to answer or otherwise respond to the complaint.

I am aware that DDL has not been served and I don't know where Anki stands.

Sincerely,

Jacob

Reply Forward Share in chat