**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

**(Newark Vicinage)**

**DIALECTIC PR, LLC,**

Plaintiff,

v.

**ANKI, LLC f/k/a DIGITAL DREAM LABS, INC.**

and

**HARRY JACOB HANCHAR,**

Defendants.

**Civil Action No. 2:26-cv-05764-CCC-JBC**

**DEFENDANT HARRY JACOB HANCHAR'S THIRD NOTICE OF RECENT DEVELOPMENTS**

Defendant Harry Jacob Hanchar, appearing *pro se* solely in his individual capacity, respectfully submits this Third Notice of Recent Developments for the Court's consideration in connection with the pending Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) or, in the Alternative, to Stay Proceedings.

1. On August 10, 2026, PA Defendant Dmitriy Ksendzovsky filed in the Court of Common Pleas of Allegheny County, Pennsylvania (*Hanchar v. Swingle et al.*, No. GD-25-013191) a Response and Opposition to the Receiver Pendente Lite's Motion for Supplemental Order Compelling Transfer of Certain Receivership Digital Assets (IONOS Accounts). In that Opposition, Ksendzovsky asserts that six domains (anki.com, ankiinc.com, anki-services.com, ankioverdrive.com, cozmo.com, and cozmorobot.com)

were sold by Digital Dream Labs in 2023, later conveyed to Key Simple, and therefore fall outside the Receivership Estate. He also filed a Motion for Leave to File Exhibit 1 Under Seal. True and correct copies of those filings are attached hereto as **Exhibit A.**

2. On August 11, 2026, Defendant filed in the same Pennsylvania action a Joinder in the Receiver Pendente Lite's Motion for Supplemental Order and Response to Ksendzovsky's Opposition. In that filing, Defendant supports the Receiver's request for exclusive possession of the identified accounts and domains and places the contemporaneous 2023–2024 record regarding the domains before the Pennsylvania court. A true and correct copy of that Joinder is attached hereto as **Exhibit B.**
3. These developments further demonstrate that the identical digital assets at issue in this New Jersey action remain the subject of active, contested proceedings under the exclusive supervision of the Pennsylvania court-appointed Receiver.

Defendant respectfully requests that the Court take these recent developments into account in ruling on the pending Motion to Transfer Venue or Stay.

August 11th, 2026

Respectfully submitted,

**Harry Jacob Hanchar**
*Pro Se* (Solely in his individual capacity)
22 Wedgewood Lane
Pittsburgh, PA 15215
(412) 852-7132
hjh122@gmail.com

**Attachments:**

**Exhibit A** – Ksendzovsky's August 10, 2026 Opposition and Motion to Seal

**Exhibit B** – Hanchar's August 11, 2026 Joinder and Response

# Exhibit

# A

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**
**COVER SHEET**

<table>
<tr>
<td>
Plaintiff(s)<br>
Harry Jacob Hanchar<br><br>
Vs<br><br>
Defendant(s)<br>
Brian Swingle and Dmitriy Ksendzovsky<br>
(Capital Foundry Funding, LLC, Intervenor)
</td>
<td>
CIVIL DIVISION<br>
Case Number :<br>
GD - 25 - 013191<br>
Type of pleading :<br>
Response / Opposition to Receiver's Motion for Supplemental Order (IONOS Accounts)<br>
Code and Classification : ____<br>
Filed on behalf of<br>
DMITRIY KSENDZOVSKY<br>
(Name of the filing party)<br>
[ ] Counsel of Record<br>
[X] Individual, If Pro Se<br>
Required Information:<br>
Name: Dmitriy Ksendzovsky<br>
Address: 477 Wailoa Street<br>
Hilo, HI 96720<br>
Phone Number: (408) 838-6566<br>
Email Address: fromdima@gmail.com<br>
Attorney's State ID : ____<br>
Attorney's Firm ID : ____
</td>
</tr>
</table>

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

| | |
|---|---|
| HARRY JACOB HANCHAR,<br>Plaintiff,<br>v.<br>BRIAN SWINGLE and DMITRIY KSENDZOVSKY,<br>Defendants,<br>v.<br>CAPITAL FOUNDRY FUNDING, LLC,<br>Intervenor. | CIVIL DIVISION<br>Case No. GD-25-013191 |

**DEFENDANT DMITRIY KSENDZOVSKY'S RESPONSE AND OPPOSITION TO RECEIVER PENDENTE LITE'S MOTION FOR SUPPLEMENTAL ORDER COMPELLING TRANSFER OF CERTAIN RECEIVERSHIP DIGITAL ASSETS (IONOS ACCOUNTS)**

## PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS

Defendant Dmitriy Ksendzovsky ("Ksendzovsky"), appearing specially and not generally, and expressly without waiver of his pending Preliminary Objections or any defense, including his objection to this Court's exercise of personal jurisdiction over him as a resident and domiciliary of Hilo, Hawaii, submits this Response and Opposition to the Receiver Pendente Lite's Motion for Supplemental Order Compelling Transfer of Certain Receivership Digital Assets (IONOS Accounts) (the "Motion").

This filing is limited to contesting the reach of the receivership over property that is not, and has not since 2023 been, an asset of Digital Dream Labs, Inc. or Anki. Nothing herein is intended as, or shall constitute, a general appearance or a submission of Ksendzovsky's person to the jurisdiction of this Court for any purpose. *See Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915 (Pa. 1997). All objections and defenses are expressly reserved on each averment and argument below, whether or not restated.

The documentary record of the 2023 sale referenced below is submitted as Exhibit 1 under confidential cover, pursuant to the confidentiality provisions of the parties' 2023 settlement and because the materials contain financial account information subject to redaction under the Public Access Policy of the Unified Judicial System of Pennsylvania. Exhibit 1 is served upon the Court and the parties; Ksendzovsky requests that it be maintained as confidential and not placed in the public record.

## RESPONSE TO THE AVERMENTS OF THE MOTION

1. Admitted that this Court entered the Receivership Order on July 9, 2026. The Order speaks for itself; its legal effect is a matter for the Court.

2. Admitted that Paragraph 8 defines the "Receivership Digital Assets" to include "IONOS hosting accounts." By way of further response, the receivership reaches only the assets of the estate. It does not, and cannot, convert into estate property that which Digital Dream Labs conveyed to a third party years before the receivership existed. Six of the eight domains identified in the Motion were sold out of Digital Dream Labs in 2023, as set forth below and in Exhibit 1.

3. Admitted that Paragraph 8 instructs the Receiver to take exclusive possession of the Receivership Digital Assets. By way of further response, the six sold domains are not Receivership Digital Assets, and the direction to take possession of estate assets confers no authority over property that is not the estate's.

4. Ksendzovsky is without knowledge or information sufficient to admit or deny the Receiver's communications with IONOS and its counsel, and on that basis the averment is denied and strict proof demanded.

5. Admitted that Mr. Hanchar provided the list set forth in the Motion. Denied that the eight identified accounts are all assets of Digital Dream Labs or Anki. Six of them — anki.com, ankiinc.com, anki-services.com, ankioverdrive.com, cozmo.com, and cozmorobot.com — were sold by Digital Dream Labs in 2023, with Mr. Hanchar's own written authorization and through Digital Dream Labs' own outside counsel, and are today held by Key Simple, a Hawaii corporation, by a subsequent conveyance in 2024. Exhibit 1. Mr. Hanchar was in a position to know this when he supplied the list, having personally authorized the original sale.

6. Admitted that the Receiver transmitted the list to IONOS.

7. Admitted, upon the Receiver's representation, that IONOS has locked all identified accounts other than digitaldreamlabs.com. By way of further response, the six sold domains are therefore already secured and preserved in place; no party can transfer or dissipate them while they remain locked.

8. Admitted, upon the Receiver's representation, that IONOS has demanded additional protections before transferring possession. The averment otherwise states a matter between the Receiver and IONOS.

9. Admitted, upon the Receiver's representation, that the Receiver is unable to provide the protections IONOS demands.

10. Denied to the extent the Motion seeks transfer of the six sold domains. Those domains are not estate property, are already preserved in a locked state, and no order should compel their transfer before this Court determines their ownership.

11. Admitted that Ksendzovsky wishes to be heard, and that a hearing or status conference is appropriate. No transfer of the six sold domains should be compelled until that hearing is held and ownership is determined.

## ARGUMENT

### I. Six of the eight domains were sold out of Digital Dream Labs in 2023 and are not estate property.

In 2023, as part of a settlement, Digital Dream Labs sold six domains — anki.com, ankiinc.com, anki-services.com, ankioverdrive.com, cozmo.com, and cozmorobot.com — to Ksendzovsky. The documentary record of that sale is submitted as Exhibit 1 (under confidential cover) and is not reasonably subject to dispute. It establishes that:

- Mr. Hanchar, on behalf of Digital Dream Labs, authorized in writing the transfer of the six named domains to Ksendzovsky and authorized Ksendzovsky to coordinate the transfer directly with the registrar;
- Digital Dream Labs' own outside counsel, David Oberdick of Meyer, Unkovic & Scott, brokered the arrangement and confirmed that the six domains would be conveyed to Ksendzovsky upon payment; and
- Ksendzovsky paid the settlement balance, and the registrar issued the transfer authorization codes for the six domains directly to him.

Those six domains left the estate three years before the receivership existed. They were subsequently conveyed by Ksendzovsky to Key Simple, a Hawaii corporation, in 2024, and are held by Key Simple today. Documentation of the 2024 conveyance is available and will be presented in connection with the ownership motion described below or upon the Court's request. Whether owned by Ksendzovsky or by Key Simple, the domains are not, and since 2023 have not been, assets of Digital Dream Labs or Anki.

### II. A receiver takes only the estate's interest and cannot use a possession order to reach a third party's property.

A receiver pendente lite is appointed to take possession of, preserve, and manage the property *of the entity* over whose assets he is appointed. *See* Pa.R.C.P. 1533. Upon appointment, that property is placed *in custodia legis*, and the receiver holds it as an officer of the Court for the benefit of those claiming an interest in it. A receiver acquires no greater right or title than the entity itself held: he takes the estate's property subject to the existing rights, claims, and equities of others, and he has no right to property that does not belong to the entity for which he was appointed. Property the entity conveyed away before the receivership is therefore beyond the receiver's reach.

It follows that a receiver may not use a summary possession order to seize property held by a third party who claims it adversely to the estate. Where the receiver seeks such property, the ownership question must be adjudicated in an appropriate proceeding in which the claimant is

heard — not resolved by an order directed at a custodian to hand the property over. The Receiver himself recognizes as much: he anticipates that Ksendzovsky and IONOS will wish to be heard and proposes a hearing or status conference. Motion ¶ 11.

Paragraph 8 of the Receivership Order does not supply the missing authority. Its reference to "domains currently held by Ksendzovsky" describes present possession; it does not adjudicate that domains Digital Dream Labs sold in 2023 belong to the estate. That question was not litigated before the Order was entered, and Ksendzovsky's evidence of the 2023 sale was not before the Court. Words in a possession order cannot transform non-estate property into an estate asset.

**III. Compelled transfer is unnecessary — the six domains are already locked, and the receivership's preservation purpose is already served.**

By the Receiver's own account, IONOS has locked the six domains. They cannot be sold, moved, or dissipated while locked. Preservation — the object of the receivership — is already accomplished as to these domains without any transfer of possession. Against that, compelling transfer would move property whose ownership is disputed before this Court has ruled, would disrupt Key Simple's ongoing business that depends on the domains, and would gain the estate nothing it does not already have. The balance is one-sided: no benefit to preservation, real prejudice to the party whose property these are.

**IV. Ownership should be determined before any transfer; at a minimum, transfer of the six domains should be stayed pending that determination and the hearing the Receiver himself proposes.**

The correct sequence is to determine ownership first. No order should compel transfer of the six sold domains in the interim. Should the Court decline to deny the Motion outright as to those six, any compelled transfer of them should be stayed until the ownership question is heard and decided, with the domains to remain locked at IONOS in the meantime — which preserves them fully and prejudices no one.

**V. Scope: Ksendzovsky does not contest digitaldreamlabs.com or ddl.io.**

Ksendzovsky does not oppose the Receiver taking possession of digitaldreamlabs.com or ddl.io, which were not part of the 2023 sale. As to digitaldreamlabs.com, the Court should note that, by the Receiver's own footnote and by information Ksendzovsky has provided the Receiver, that domain is not held or hosted by IONOS at all;[1] the relief the Motion seeks against IONOS therefore cannot be effected as to that domain. Ksendzovsky's opposition is directed solely to the six domains Digital Dream Labs sold in 2023.

**CONCLUSION**

---

[1] digitaldreamlabs.com is registered through OnlineNIC and hosted on the Unified Layer / Bluehost network (nameservers NS1.BLUEHOST.COM and NS2.BLUEHOST.COM) — not IONOS.

For the foregoing reasons, Ksendzovsky respectfully requests that this Court:

(a) DENY the Motion insofar as it seeks to compel transfer of anki.com, ankiinc.com, anki-services.com, ankioverdrive.com, cozmo.com, and cozmorobot.com;

(b) In the alternative, STAY any compelled transfer of those six domains pending the Court's determination of their ownership and the hearing proposed in Paragraph 11 of the Motion, with the six domains to remain locked at IONOS in the interim; and

(c) grant such other and further relief as the Court deems just and proper.

This Response and Opposition is submitted subject to, and without waiver of, Ksendzovsky's pending Preliminary Objections and all defenses, including his objection to this Court's personal jurisdiction over him, and is not intended as, and shall not constitute, a general appearance.

Respectfully submitted,

Dmitriy K.

---

Dmitriy Ksendzovsky, *Pro Se*

Dated: August 10, 2026

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Dmitriy K.

---

Dmitriy Ksendzovsky, *Pro Se*
Dated: August 10, 2026

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

**CIVIL DIVISION**

| | |
|---|---|
| HARRY JACOB HANCHAR,<br>Plaintiff,<br>v.<br>BRIAN SWINGLE and DMITRIY KSENDZOVSKY,<br>Defendants,<br>v.<br>CAPITAL FOUNDRY FUNDING, LLC,<br>Intervenor. | CIVIL DIVISION<br><br>Case No. GD-25-013191 |

## [PROPOSED] ORDER OF COURT

AND NOW, this ______ day of _________________, 2026, upon consideration of the Receiver Pendente Lite's Motion for Supplemental Order Compelling Transfer of Certain Receivership Digital Assets (IONOS Accounts), and of Defendant Dmitriy Ksendzovsky's Response and Opposition thereto, it is hereby ORDERED as follows:

The Motion is DENIED insofar as it seeks to compel transfer of the domains anki.com, ankiinc.com, anki-services.com, ankioverdrive.com, cozmo.com, and cozmorobot.com. Those domains shall remain locked at IONOS, and no transfer of their possession shall be compelled, pending the Court's determination of their ownership.

A hearing on the ownership and status of the foregoing domains shall be scheduled at the Court's convenience, at which Defendant Ksendzovsky and IONOS may appear and be heard.

BY THE COURT:

______________________________, J.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Response and Opposition was served by electronic mail this 10th day of August, 2026, upon the following:

Harry Jacob Hanchar — hjh122@gmail.com — *Pro Se Plaintiff*

Kevin C. Meacham — kevin.meacham@nelsonmullins.com; Cara L. Brack — cara.brack@nelsonmullins.com; Chelsea J. Beaulieu — chelsea.beaulieu@nelsonmullins.com — *Counsel for Intervenor Capital Foundry Funding, LLC*

Michael LiPuma — mlipuma@lipumalaw.com — *Counsel for IONOS*

John J. Richardson — jrichardson@bernsteinlaw.com — *Receiver Pendente Lite*

Dmitriy K

Dmitriy Ksendzovsky, *Pro Se*

Dated: August 10, 2026

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION
## COVER SHEET

| | |
|---|---|
| Plaintiff(s)<br>Harry Jacob Hanchar<br><br>Vs<br><br>Defendant(s)<br>Brian Swingle and Dmitriy Ksendzovsky<br>(Capital Foundry Funding, LLC, Intervenor) | **CIVIL DIVISION**<br>Case Number :<br>**GD - 25 - 013191**<br>Type of pleading :<br>Motion for Leave to File Exhibit Under Seal<br>Code and Classification :<br>Filed on behalf of<br>DMITRIY KSENDZOVSKY<br>*(Name of the filing party)*<br>[ ] Counsel of Record<br>[X] Individual, If Pro Se<br>Required Information:<br>Name: Dmitriy Ksendzovsky<br>Address: 477 Wailoa Street<br>Hilo, HI 96720<br>Phone Number: (408) 838-6566<br>Email Address: fromdima@gmail.com<br>Attorney's State ID : ______________<br>Attorney's Firm ID : ______________ |

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

**CIVIL DIVISION**

| | |
|---|---|
| HARRY JACOB HANCHAR,<br>Plaintiff,<br>v.<br>BRIAN SWINGLE and DMITRIY KSENDZOVSKY,<br>Defendants,<br>v.<br>CAPITAL FOUNDRY FUNDING, LLC,<br>Intervenor. | CIVIL DIVISION<br>Case No. GD-25-013191 |

**DEFENDANT DMITRIY KSENDZOVSKY'S MOTION FOR LEAVE TO FILE EXHIBIT 1 UNDER SEAL**

NOW COMES Defendant Dmitriy Ksendzovsky ("Ksendzovsky"), appearing specially and not generally, and respectfully moves this Honorable Court for leave to file Exhibit 1 to his Response and Opposition to the Receiver Pendente Lite's Motion for Supplemental Order Compelling Transfer of Certain Receivership Digital Assets (IONOS Accounts) under seal. In support, Ksendzovsky states as follows:

1. Contemporaneously herewith, Ksendzovsky has filed his Response and Opposition to the Receiver Pendente Lite's Motion for Supplemental Order Compelling Transfer of Certain Receivership Digital Assets (IONOS Accounts) (the "Opposition").

2. The Opposition relies upon Exhibit 1, which comprises correspondence documenting Digital Dream Labs, Inc.'s 2023 sale of six domains to Ksendzovsky.

3. That correspondence was exchanged in connection with, and is governed by the confidentiality provisions of, the parties' 2023 settlement. Public filing of the material would contravene those provisions.

4. Exhibit 1 additionally contains financial account information — including a credit card number — and sensitive registrar authorization codes for the domains at issue. The financial account information constitutes confidential information that may not appear in a public filing under the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts. The authorization codes are security credentials whose public disclosure could enable the unauthorized transfer of the domains.

5. While the records of this Court are presumptively open, that presumption yields where a party demonstrates good cause — that the interest in confidentiality outweighs the public

interest in access. The contractual confidentiality of the settlement communications, the presence of financial account information, and the sensitivity of the access credentials together establish good cause here.

6. The relief sought is narrow. Ksendzovsky asks only that Exhibit 1 be maintained under seal; the Opposition itself is filed in the public record. The Court and every party to this matter will receive Exhibit 1; only its placement in the public record is affected. No party is prejudiced, as each already possesses or is entitled to the material.

7. In any event, the financial account information and the authorization codes contained in Exhibit 1 are subject to redaction under the Public Access Policy and have been redacted from any copy that may enter the public record, without prejudice to the relief requested herein.

8. This Motion is submitted subject to, and without waiver of, Ksendzovsky's pending Preliminary Objections and all defenses, including his objection to this Court's personal jurisdiction over him, and does not constitute a general appearance.

WHEREFORE, Ksendzovsky respectfully requests that this Court enter an Order granting leave to file Exhibit 1 under seal and directing that it be maintained as a sealed, confidential record accessible to the Court and the parties of record.

Respectfully submitted,

Dmitriy K.

---

Dmitriy Ksendzovsky, *Pro Se*
477 Wailoa Street, Hilo, HI 96720
(408) 838-6566 · fromdima@gmail.com

Dated: August 10, 2026

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Dmitriy K.

---

Dmitriy Ksendzovsky, *Pro Se*
477 Wailoa Street, Hilo, HI 96720
(408) 838-6566 · fromdima@gmail.com

Dated: August 10, 2026

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

**CIVIL DIVISION**

| | |
|---|---|
| HARRY JACOB HANCHAR,<br>Plaintiff,<br>v.<br>BRIAN SWINGLE and DMITRIY KSENDZOVSKY,<br>Defendants,<br>v.<br>CAPITAL FOUNDRY FUNDING, LLC,<br>Intervenor. | CIVIL DIVISION<br><br>Case No. GD-25-013191 |

## [PROPOSED] ORDER OF COURT

AND NOW, this ______ day of ________________, 2026, upon consideration of Defendant Dmitriy Ksendzovsky's Motion for Leave to File Exhibit 1 Under Seal, it is hereby ORDERED that the Motion is GRANTED. Exhibit 1 to Defendant's Response and Opposition to the Receiver Pendente Lite's Motion for Supplemental Order Compelling Transfer of Certain Receivership Digital Assets (IONOS Accounts) shall be filed and maintained UNDER SEAL as a confidential record, accessible to the Court and the parties of record.

BY THE COURT:

______________________________, J.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Motion for Leave to File Exhibit 1 Under Seal was served by electronic mail this 10th day of August, 2026, upon the following:

Harry Jacob Hanchar — hjh122@gmail.com — *Pro Se Plaintiff*
Kevin C. Meacham — kevin.meacham@nelsonmullins.com; Cara L. Brack — cara.brack@nelsonmullins.com; Chelsea J. Beaulieu — chelsea.beaulieu@nelsonmullins.com — *Counsel for Intervenor Capital Foundry Funding, LLC*
Michael LiPuma — mlipuma@lipumalaw.com — *Counsel for IONOS*
John J. Richardson — jrichardson@bernsteinlaw.com — *Receiver Pendente Lite*

Dmitriy K.

Dmitriy Ksendzovsky, *Pro Se*
477 Wailoa Street, Hilo, HI 96720
(408) 838-6566 · fromdima@gmail.com
Dated: August 10, 2026

# Exhibit

# B

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

COVER SHEET

| Plaintiff(s) Vs | |
|---|---|
| HARRY JACOB HANCHAR | GD-25-013191<br>Case Number : |
| | Type of pleading :<br>JOINDER, RESPONSE |
| Vs. | Filed on behalf of<br>HARRY JACOB HANCHAR<br>(Name of the filing party) |
| Defendant(s)<br>BRIAN SWINGLE, DMITRIY KSENDZOVSKY, AND JOHN DOES 3 -8.<br><br>V CAPITAL FOUNDRY FUNDING, LLC, Intervenor | ☐ Counsel of Record<br>☒ Individual, If Pro Se |
| | Address, Telephone Number, and Email Address:<br>22 WEDGEWOOD LANE,<br>PITTSBURGH, PA 15215<br>412-852-7132<br>hjh122@gmail.com |
| | Attorney's State ID |
| | Attorney's Firm ID |

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA CIVIL DIVISION**

HARRY JACOB HANCHAR,
Plaintiff,

v.

BRIAN SWINGLE and DMITRIY KSENDZOVSKY, JOHN DOES 3 – 8,
Defendants,

v.

CAPITAL FOUNDRY FUNDING, LLC,
Intervenor.

No. GD-25-013191

**PLAINTIFF'S JOINDER IN RECEIVER PENDENTE LITE'S MOTION FOR SUPPLEMENTAL ORDER COMPELLING TRANSFER OF CERTAIN RECEIVERSHIP DIGITAL ASSETS (IONOS ACCOUNTS) AND RESPONSE TO DEFENDANT KSENDZOVSKY'S OPPOSITION**

Plaintiff Harry Jacob Hanchar, appearing pro se, hereby joins in and supports the Receiver Pendente Lite's Motion for Supplemental Order Compelling Transfer of Certain Receivership Digital Assets (IONOS Accounts), and responds to Defendant Dmitriy Ksendzovsky's Opposition as follows:

1. On July 9, 2026, this Court entered an Order appointing John J. Richardson, Esquire, as Receiver Pendente Lite and directing him to immediately take exclusive possession of the Receivership Digital Assets, including IONOS hosting accounts and domains.

2. The Receiver has filed a Motion seeking a Supplemental Order compelling IONOS to transfer exclusive possession and control of the identified accounts and domains so that he may fulfill his Court-ordered duties.

3. Plaintiff fully supports the relief requested by the Receiver. Exclusive possession by the Receiver is necessary to preserve the assets, complete the inventory and audit, and permit the Court to determine ownership and related issues on a complete record.

4. Defendant Dmitriy Ksendzovsky has now filed an Opposition asserting that six domains (anki.com, ankiinc.com, anki-services.com, ankioverdrive.com, cozmo.com, and cozmorobot.com) were sold by Digital Dream Labs to him in 2023 and later conveyed to Key Simple, a Hawaii corporation, and therefore fall outside the Receivership Estate. He asks the Court to deny or stay any transfer of those domains (Exhibit A).

5. In July 2023, Plaintiff authorized a technical transfer of the six domains to Ksendzovsky in connection with a payment made by Ksendzovsky (Exhibit A). No signed settlement agreement, bill of sale, or assignment permanently conveying ownership of the domains has been located or produced by either party.

6. On November 9, 2023, outside counsel for Digital Dream Labs, David G. Oberdick, Esquire, sent Ksendzovsky a formal "Notice of Unauthorized Conduct." That letter stated that switching DDL domain names to new hosts, redacting registration information for DDL domain names, and precluding the CEO from access to domain names and other company property were unilateral, unauthorized, and inconsistent with Ksendzovsky's duties as CTO (Exhibit B).

7. On November 30, 2023, Mr. Oberdick sent formal notices to BlueHost and IONOS declaring that Ksendzovsky had acted "without authority or permission from DDL" in

transferring and denying access to the domains, and demanding restoration of access (Exhibit C).

8. In April–May 2024, when counsel again demanded transition of the domains and related assets, Ksendzovsky did not produce a signed permanent sale agreement. Instead, he repeatedly challenged whether Mr. Oberdick had authority to act for DDL (Exhibit D).

9. On October 24, 2024, Digital Dream Labs, Inc., Dialectic, Plaintiff, and Zack Zeltzer obtained a joint-and-several judgment of $12,201.75 against KeySimple and Dmitriy Ksendzovsky in the Magisterial District Court (MJ-05204-CV-0000164-2024; Exhibit E). That judgment was subsequently entered in this Court at MS-26-000368 (Exhibit F).

10. During the recorded virtual meeting on or about July 31st, 2026, Ksendzovsky stated on the record, in substance, that KeySimple paid approximately $15,000 to CSC for the domains, that there was an option for DDL to buy the domains back within "half a year" by repaying that amount, that the option expired, and that DDL never paid, so the domains are not DDL property (Exhibit G).

11. That recent characterization is undercut by the contemporaneous November 2023 notices. If the domains had already become KeySimple's permanent property upon expiration of a six-month buy-back option, company counsel would not have formally declared Ksendzovsky's control, switching, redaction, and denial of access to be unauthorized and inconsistent with his duties as CTO only months after the July 2023 transfer. The November 2023 notices are consistent with a limited or conditional arrangement that remained subject to company rights, not with a completed, unconditional permanent sale.

12. Ksendzovsky's argument that the domains are already locked at IONOS, and therefore need not be transferred, is incorrect. Paragraph 8 of the Receivership Order directs the

Receiver to take **exclusive possession** of the Receivership Digital Assets so that he may inventory, inspect, audit, and preserve them under this Court's supervision. Mere locking by a third-party registrar does not place the assets under the Receiver's control or satisfy the Order.

13. Key Simple is a Hawaii corporation. Under Pennsylvania law, a corporation must be represented by counsel and cannot appear pro se. By filing an Opposition that seeks affirmative relief from this Court regarding property he claims belongs to Key Simple, and by asking this Court to adjudicate ownership and restrict the Receiver's possession authority, Ksendzovsky has further invoked the jurisdiction of this Court.

14. Under the July 9, 2026 Order, the Receiver is charged with taking exclusive possession of the Receivership Digital Assets. Maintaining that possession while ownership is determined protects all parties, preserves assets that may be relevant to satisfaction of existing judgments (including MS-26-000368), and prevents further unilateral control or potential dissipation.

**WHEREFORE,** Plaintiff respectfully joins in the Receiver Pendente Lite's Motion and requests that the Court enter an Order compelling IONOS to immediately transfer exclusive possession and control of the identified accounts and domains to the Receiver,

and grant such other relief as the Court deems appropriate.

Respectfully submitted,

Harry Jacob Hanchar, Pro Se
22 Wedgewood Lane
Pittsburgh, PA 15215
(412) 852-7132
hjh122@gmail.com

August 11th, 2026

# Exhibit

# A

Gmail

Jacob Hanchar <hjh122@gmail.com>

# Fwd: FW: CSC/Digital Dreamlabs

2 messages

**Dmitriy Ksendzovsky** <dk@key-simple.com> Fri, Jul 31, 2026 at 5:23 PM
To: "John J. Richardson" <jrichardson@bernsteinlaw.com>, "hjh122@gmail.com" <hjh122@gmail.com>, Cara Brack <cara.brack@nelsonmullins.com>

Dear Mr. Richardson,

I am writing regarding the domains identified below, which Digital Dream Labs sold in 2023. Enclosed below is documentation of that sale.

Because these domains were sold and paid for in 2023, they are Key Simple's property and are not assets of Digital Dream Labs. As I understand it, the receivership reaches the estate's assets; it does not reach property the company sold to a third party years ago. Mr. Hanchar's direction to take possession of these domains cannot be reconciled with Digital Dream Labs' own sale of them — a sale he was in a position to know of.

I recognize that you act on the information provided to you, and I do not suggest otherwise. With the enclosed documentation now before you, I respectfully ask that you refrain from taking possession of these domains. I am filing a motion so that the Court can confirm their ownership and status, and the appropriate course is to leave them undisturbed until the Court has ruled. Taking possession in the interim would transfer property the enclosed records establish as Key Simple's and would disrupt Key Simple's ongoing business.

This letter is submitted subject to, and without waiver of, my pending Preliminary Objections and all defenses, including my objection to the Court's personal jurisdiction over me, and it is not intended as a general appearance.

Domains at issue:

| |
|---|
| anki-services.com |
| anki.com |
| ankiinc.com |
| ankioverdrive.com |
| cozmo.com |
| cozmorobot.com |

Please review the email chain below

Thank you,
Dmitriy Ksendzovsky

[redacted]

[redacted]

Derek, Thank you. Will get these submitted. I will try to inherit the DNS settings with the transfer. Usually takes 5 business days. Will keep you posted.

Just in case - could you please export the DNS configurations for me. If name servers transfer without DNS records systems will be down and I want to make sure I have all the settings to quickly bring those back up.

Thank you again,

Dmitriy

On 7/18/23 9:27 AM, Dalton, Derek wrote:

Hello Dmitriy

As agreed, here are your auth codes for the 6 domains.

| **Domain Name** | **Registry Expiry Date** | **Authorization Code** |
|---|---|---|
| anki-services.com | 09-Jul-2024 | [redacted] |
| anki.com | 27-Nov-2023 | [redacted] |
| ankiinc.com | 14-Feb-2024 | [redacted] |
| ankioverdrive.com | 14-Jan-2024 | [redacted] |
| cozmo.com | 03-Jan-2024 | [redacted] |

| Domain Name | Registry Expiry Date | Authorization Code |
|---|---|---|
| cozmorobot.com | 21-Apr-2024 | [redacted] |

There are no live zone records but the below domains have the below redirects in place.

Please note that we will purge DNS 30 days post transfer.

| Domain | Node | Host |
|---|---|---|
| ankioverdrive.com | * | http://anki.com |
| ankioverdrive.com | @ | http://anki.com |
| anki.com | * | https://anki.com/cozmo |
| anki.com | @ | https://anki.com/cozmo |
| cozmo.com | * | https://digitaldreamlabs.com |
| cozmo.com | @ | https://digitaldreamlabs.com |

Please confirm back once all six domains have been moved to your new registrar and we will then begin the account closure process.

If you have any questions, please let me know.

*We've launched Domaincasting℠—the largest digital blocking network powered by CSC's DomainSec℠ platform. Find out more.*

**Derek Dalton**

Client Service Leader – Global Service | Digital Brand Services

**Office:** 1 800 927 9801 Ext 65411 or 1 302 636 5401 Ext 65411

derek.dalton@cscglobal.com

CSC®

251 Little Falls Drive

Wilmington, Delaware 19808-1674

USA

**cscdbs.com**

CSC

***We are the business behind business***

**24/7 Global Technical Domain Support**

**North America:** 1 888 780 2723 or 1 902 746 5200

**EMEA:** +44 (0) 20 7751 0055

**APAC:** 1 800 CSC DBS or +61 396119519

---

**From:** McCurdy, Peter <Peter.McCurdy@cscglobal.com>
**Sent:** Tuesday, July 18, 2023 3:14 PM
**To:** Jacob Hanchar <jacob@digitaldreamlabs.com>; David G. Oberdick <DGO@muslaw.com>
**Cc:** Dmitriy Ksendzovsky <dmitriy@digitaldreamlabs.com>; Grundon, Kevin <Kevin.Grundon@cscglobal.com>; Jacob Hanchar <jake@digitaldreamlabs.com>; Dalton, Derek <Derek.Dalton@cscglobal.com>
**Subject:** RE: FW: CSC/Digital Dreamlabs

Thank you – adding Derek Dalton who will coordinate with Mr. Ksendzovsky.

Peter

---

**From:** Jacob Hanchar <jacob@digitaldreamlabs.com>
**Sent:** Tuesday, July 18, 2023 3:05 PM
**To:** David G. Oberdick <DGO@muslaw.com>
**Cc:** Dmitriy Ksendzovsky <dmitriy@digitaldreamlabs.com>; Grundon, Kevin <Kevin.Grundon@cscglobal.com>; McCurdy, Peter <Peter.McCurdy@cscglobal.com>; Jacob Hanchar <jake@digitaldreamlabs.com>
**Subject:** Re: FW: CSC/Digital Dreamlabs

Peter,

On behalf of Digital Dream Labs, I am providing authorization for transfer of the 6 domain names identified in our settlement agreement to Dmitriy Ksendzovsky. I also approve and authorize Mr. Ksendzovsky to coordinate with you directly on the transfer.

Please let me know if you have any questions.

Jacob

On Fri, Jul 14, 2023 at 2:34 PM David G. Oberdick <DGO@muslaw.com> wrote:

Kevin,

Please let me know when you have confirmation on payment.

Regards,

Dave

**David G. Oberdick | Attorney at Law**
412.456.2881 | dgo@muslaw.com | vCard | Bio

**Meyer, Unkovic & Scott LLP**
Henry W. Oliver Building | 535 Smithfield Street, Suite 1300 | Pittsburgh, PA 15222-2315
T: 412.456.2800 | F: 412.456.2864 | www.muslaw.com

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged or confidential. If the reader of this email is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone, and return the original message to the above email address.

**From:** Dmitriy Ksendzovsky <dmitriy@digitaldreamlabs.com>
**Sent:** Friday, July 14, 2023 2:31 PM
**To:** David G. Oberdick <DGO@MUSLAW.com>; Grundon, Kevin <Kevin.Grundon@cscglobal.com>; Peter.McCurdy@cscglobal.com
**Cc:** Jacob Hanchar <jake@digitaldreamlabs.com>
**Subject:** Re: FW: CSC/Digital Dreamlabs

Kevin and David,

[redacted]

I approve up to 15K charge - balance that is due per settlement.

Thank you,

Dmitriy

On Thu, Jul 13, 2023 at 12:46 PM David G. Oberdick <DGO@muslaw.com> wrote:

Also, the authorization email gets sent AFTER the credit card payment is made and it clears. Dmitriy, please copy me on your email to Kevin Grundon with your credit card information. (See below instructions).

**David G. Oberdick | Attorney at Law**
412.456.2881 | dgo@muslaw.com | vCard | Bio

**Meyer, Unkovic & Scott LLP**
Henry W. Oliver Building | 535 Smithfield Street, Suite 1300 | Pittsburgh, PA 15222-2315
T: 412.456.2800 | F: 412.456.2864 | www.muslaw.com

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged or confidential. If the reader of this email is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone, and return the original message to the above email address.

**From:** Jacob Hanchar <jacob@digitaldreamlabs.com>
**Sent:** Thursday, July 13, 2023 3:40 PM
**To:** David G. Oberdick <DGO@MUSLAW.com>
**Cc:** Jacob Hanchar <jake@digitaldreamlabs.com>; Dmitriy Ksendzovsky <dmitriy@digitaldreamlabs.com>
**Subject:** Re: FW: CSC/Digital Dreamlabs

I authorize the transfer to Dmitriy.

On Thu, Jul 13, 2023, 12:04 PM David G. Oberdick <DGO@muslaw.com> wrote:

Jacob and Dmitriy,

CSC is willing to accept payment from Dmitriy and transfer the 6 domain names to him at Jacob's direction. Instructions are outlined below. Jacob should copy me on the email providing authorization.

**David G. Oberdick | Attorney at Law**
412.456.2881 | dgo@muslaw.com | vCard | Bio

**Meyer, Unkovic & Scott LLP**
Henry W. Oliver Building | 535 Smithfield Street, Suite 1300 | Pittsburgh, PA 15222-2315
T: 412.456.2800 | F: 412.456.2864 | www.muslaw.com

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged or confidential. If the reader of this email is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone, and return the original message to the above email address.

**From:** McCurdy, Peter <Peter.McCurdy@cscglobal.com>
**Sent:** Thursday, July 13, 2023 12:00 PM
**To:** David G. Oberdick <DGO@MUSLAW.com>
**Cc:** Grundon, Kevin <Kevin.Grundon@cscglobal.com>
**Subject:** RE: CSC/Digital Dreamlabs

David – thank you for the call earlier today. As discussed we can accept the payment via credit card and then transfer the domains – I have outlined the process below:

1. Dmitriy will need to provide his credit card info (full name, card number, expiration date and the 3 digit code) to Kevin Grundon (copied) as we will need to enter this manually as it is a settlement.
2. Once the payment clears, Jacob will need to provide authorization for the 6 domains names to be transferred to Dmitriy. Once that is provided, our team can work directly with Dmitriy to facilitate the transfer.

Please let us know if you have any questions.

Peter

**From:** David G. Oberdick <DGO@MUSLAW.com>
**Sent:** Wednesday, July 12, 2023 2:07 PM
**To:** McCurdy, Peter <Peter.McCurdy@cscglobal.com>
**Subject:** RE: CSC/Digital Dreamlabs

Yes, that works. I'll send out an invite.

**David G. Oberdick | Attorney at Law**
412.456.2881 | dgo@muslaw.com | vCard | Bio

**Meyer, Unkovic & Scott LLP**
Henry W. Oliver Building | 535 Smithfield Street, Suite 1300 | Pittsburgh, PA 15222-2315
T: 412.456.2800 | F: 412.456.2864 | www.muslaw.com

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged or confidential. If the reader of this email is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone, and return the original message to the above email address.

**From:** McCurdy, Peter <Peter.McCurdy@cscglobal.com>
**Sent:** Wednesday, July 12, 2023 2:05 PM
**To:** David G. Oberdick <DGO@MUSLAW.com>
**Subject:** RE: CSC/Digital Dreamlabs

10:30 tomorrow morning work?

Peter

**From:** David G. Oberdick <DGO@MUSLAW.com>
**Sent:** Wednesday, July 12, 2023 12:50 PM
**To:** McCurdy, Peter <Peter.McCurdy@cscglobal.com>
**Subject:** RE: CSC/Digital Dreamlabs

Peter,

Do you have time to talk by phone today or tomorrow?

**David G. Oberdick | Attorney at Law**
412.456.2881 | dgo@muslaw.com | vCard | Bio

**Meyer, Unkovic & Scott LLP**

Henry W. Oliver Building | 535 Smithfield Street, Suite 1300 | Pittsburgh, PA 15222-2315
T: 412.456.2800 | F: 412.456.2864 | www.muslaw.com

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged or confidential. If the reader of this email is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone, and return the original message to the above email address.

**From:** David G. Oberdick
**Sent:** Monday, July 10, 2023 12:17 PM
**To:** McCurdy, Peter <Peter.McCurdy@cscglobal.com>
**Subject:** RE: CSC/Digital Dreamlabs

CONFIDENTIAL – FOR SETTLEMENT PURPOSES

Peter,

Please let me know if you have time to talk later today. Jacob has asked me to convey that he is agreeable to an arrangement where Dmitriy pays the full settlement amount by credit card and the 6 covered domain names are conveyed to him. Jacob can provide direct email instructions to this effect and provide other documentation if needed.

Does this present a viable path for finalizing the parties' agreement?

Best,

Dave

---

**John J. Richardson** <jrichardson@bernsteinlaw.com> Sun, Aug 9, 2026 at 5:44 PM
To: Dmitriy Ksendzovsky <dk@key-simple.com>, "hjh122@gmail.com" <hjh122@gmail.com>, Cara Brack <cara.brack@nelsonmullins.com>

Mr. Ksendzovsky:

Thank you for sending this information. I don't know whether you've already filed the motion you refer to below, but I filed a motion a few days ago that may tee the issue up for you as well. I can't give you any legal advice but responding to that motion might be a way for you to get this issue before Judge Regan.

JJ

**John J. Richardson**
Partner
Chair, Litigation Group

WH Burkley, LLP
601 Grant Street, 9th Floor
Pittsburgh, PA 15219

jrichardson@bernsteinlaw.com | P: 412-456-8107 | F: 412-456-8135

**BERNSTEIN-BURKLEY IS NOW WH BURKLEY**
Learn more: www.whburkley.com

**From:** Dmitriy Ksendzovsky <dk@key-simple.com>
**Sent:** Friday, July 31, 2026 5:23 PM
**To:** John J. Richardson <jrichardson@bernsteinlaw.com>; hjh122@gmail.com; Cara Brack <cara.brack@nelsonmullins.com>
**Subject:** Fwd: FW: CSC/Digital Dreamlabs

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

[EXTERNAL SENDER]

Dear Mr. Richardson,

I am writing regarding the domains identified below, which Digital Dream Labs sold in 2023. Enclosed below is documentation of that sale.

Because these domains were sold and paid for in 2023, they are Key Simple's property and are not assets of Digital Dream Labs. As I understand it, the receivership reaches the estate's assets; it does not reach property the company sold to a third party years ago. Mr. Hanchar's direction to take possession of these domains cannot be reconciled with Digital Dream Labs' own sale of them — a sale he was in a position to know of.

I recognize that you act on the information provided to you, and I do not suggest otherwise. With the enclosed documentation now before you, I respectfully ask that you refrain from taking possession of these domains. I am filing a motion so that the Court can confirm their ownership and status, and the appropriate course is to leave them undisturbed until the Court has ruled. Taking possession in the interim would transfer property the enclosed records establish as Key Simple's and would disrupt Key Simple's ongoing business.

This letter is submitted subject to, and without waiver of, my pending Preliminary Objections and all defenses, including my objection to the Court's personal jurisdiction over me, and it is not intended as a general appearance.

Domains at issue:

| |
|---|
| anki-services.com |
| anki.com |
| ankiinc.com |
| ankioverdrive.com |
| cozmo.com |
| cozmorobot.com |

Please review the email chain below

Thank you,
Dmitriy Ksendzovsky

-------- Forwarded Message --------

[redacted]

**Content-Language:**en-US

**To:**Dalton, Derek <Derek.Dalton@cscglobal.com>

**Cc:**Jacob Hanchar <jake@digitaldreamlabs.com>

[redacted]

**From:**Dmitriy Ksendzovsky <dmitriy@digitaldreamlabs.com>

[redacted]

Derek, Thank you. Will get these submitted. I will try to inherit the DNS settings with the transfer. Usually takes 5 business days. Will keep you posted.

Just in case - could you please export the DNS configurations for me. If name servers transfer without DNS records systems will be down and I want to make sure I have all the settings to quickly bring those back up.

Thank you again,

Dmitriy

On 7/18/23 9:27 AM, Dalton, Derek wrote:

Hello Dmitriy

As agreed, here are your auth codes for the 6 domains.

| **Domain Name** | **Registry Expiry Date** | **Authorization Code** |
|---|---|---|
| anki-services.com | 09-Jul-2024 | [redacted] |
| anki.com | 27-Nov-2023 | |
| ankiinc.com | 14-Feb-2024 | |
| ankioverdrive.com | 14-Jan-2024 | |
| cozmo.com | 03-Jan-2024 | |
| cozmorobot.com | 21-Apr-2024 | |

There are no live zone records but the below domains have the below redirects in place.

Please note that we will purge DNS 30 days post transfer.

| **Domain** | **Node** | **Host** |
|---|---|---|
| ankioverdrive.com | * | http://anki.com |
| ankioverdrive.com | @ | http://anki.com |
| anki.com | * | https://anki.com/cozmo |

| Domain | Node | Host |
|---|---|---|
| anki.com | @ | https://anki.com/cozmo |
| cozmo.com | * | https://digitaldreamlabs.com |
| cozmo.com | @ | https://digitaldreamlabs.com |

Please confirm back once all six domains have been moved to your new registrar and we will then begin the account closure process.

If you have any questions, please let me know.

*We've launched Domaincasting℠—the largest digital blocking network powered by CSC's DomainSec℠ platform. Find out more.*

**Derek Dalton**

Client Service Leader –Global Service | Digital Brand Services

**Office:** 1 800 927 9801 Ext 65411 or 1 302 636 5401 Ext 65411

derek.dalton@cscglobal.com

CSC®

251 Little Falls Drive

Wilmington, Delaware 19808-1674

USA

**cscdbs.com**

CSC

***We are the business behind business***

**24/7 Global Technical Domain Support**

**North America:** 1 888 780 2723 or 1 902 746 5200

**EMEA:** +44 (0) 20 7751 0055

**APAC:** 1 800 CSC DBS or +61 396119519

**From:** McCurdy, Peter <Peter.McCurdy@cscglobal.com>
**Sent:** Tuesday, July 18, 2023 3:14 PM
**To:** Jacob Hanchar <jacob@digitaldreamlabs.com>; David G. Oberdick <DGO@muslaw.com>
**Cc:** Dmitriy Ksendzovsky <dmitriy@digitaldreamlabs.com>; Grundon, Kevin <Kevin.Grundon@cscglobal.com>; Jacob Hanchar <jake@digitaldreamlabs.com>; Dalton, Derek <Derek.Dalton@cscglobal.com>
**Subject:** RE: FW: CSC/Digital Dreamlabs

Thank you – adding Derek Dalton who will coordinate with Mr. Ksendzovsky.

Peter

---

**From:** Jacob Hanchar <jacob@digitaldreamlabs.com>
**Sent:** Tuesday, July 18, 2023 3:05 PM
**To:** David G. Oberdick <DGO@muslaw.com>
**Cc:** Dmitriy Ksendzovsky <dmitriy@digitaldreamlabs.com>; Grundon, Kevin <Kevin.Grundon@cscglobal.com>; McCurdy, Peter <Peter.McCurdy@cscglobal.com>; Jacob Hanchar <jake@digitaldreamlabs.com>
**Subject:** Re: FW: CSC/Digital Dreamlabs

Peter,

On behalf of Digital Dream Labs, I am providing authorization for transfer of the 6 domain names identified in our settlement agreement to Dmitriy Ksendzovsky. I also approve and authorize Mr. Ksendzovsky to coordinate with you directly on the transfer.

Please let me know if you have any questions.

Jacob

On Fri, Jul 14, 2023 at 2:34 PM David G. Oberdick <DGO@muslaw.com> wrote:

> Kevin,
>
> Please let me know when you have confirmation on payment.
>
> Regards,
>
> Dave
>
> **David G. Oberdick | Attorney at Law**
> 412.456.2881 | dgo@muslaw.com | vCard | Bio
>
> **Meyer, Unkovic & Scott LLP**
> Henry W. Oliver Building | 535 Smithfield Street, Suite 1300 | Pittsburgh, PA 15222-2315
> T: 412.456.2800 | F: 412.456.2864 | www.muslaw.com
>
> ---
>
> This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged or confidential. If the reader of this email is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are

hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone, and return the original message to the above email address.

**From:** Dmitriy Ksendzovsky <dmitriy@digitaldreamlabs.com>
**Sent:** Friday, July 14, 2023 2:31 PM
**To:** David G. Oberdick <DGO@MUSLAW.com>; Grundon, Kevin <Kevin.Grundon@cscglobal.com>; Peter.McCurdy@cscglobal.com
**Cc:** Jacob Hanchar <jake@digitaldreamlabs.com>
**Subject:** Re: FW: CSC/Digital Dreamlabs

Kevin and David,

My card info:

[redacted]

I approve up to 15K charge - balance that is due per settlement.

Thank you,

Dmitriy

On Thu, Jul 13, 2023 at 12:46 PM David G. Oberdick <DGO@muslaw.com> wrote:

> Also, the authorization email gets sent AFTER the credit card payment is made and it clears. Dmitriy, please copy me on your email to Kevin Grundon with your credit card information. (See below instructions).
>
> **David G. Oberdick | Attorney at Law**
> 412.456.2881 | dgo@muslaw.com | vCard | Bio
>
> **Meyer, Unkovic & Scott LLP**
> Henry W. Oliver Building | 535 Smithfield Street, Suite 1300 | Pittsburgh, PA 15222-2315
> T: 412.456.2800 | F: 412.456.2864 | www.muslaw.com
>
> This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged or confidential. If the reader of this email is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone, and return the original message to the above email address.
>
> **From:** Jacob Hanchar <jacob@digitaldreamlabs.com>
> **Sent:** Thursday, July 13, 2023 3:40 PM
> **To:** David G. Oberdick <DGO@MUSLAW.com>
> **Cc:** Jacob Hanchar <jake@digitaldreamlabs.com>; Dmitriy Ksendzovsky <dmitriy@digitaldreamlabs.com>
> **Subject:** Re: FW: CSC/Digital Dreamlabs
>
> I authorize the transfer to Dmitriy.
>
> On Thu, Jul 13, 2023, 12:04 PM David G. Oberdick <DGO@muslaw.com> wrote:

Jacob and Dmitriy,

CSC is willing to accept payment from Dmitriy and transfer the 6 domain names to him at Jacob's direction. Instructions are outlined below. Jacob should copy me on the email providing authorization.

**David G. Oberdick | Attorney at Law**
412.456.2881 | dgo@muslaw.com | vCard | Bio

**Meyer, Unkovic & Scott LLP**
Henry W. Oliver Building | 535 Smithfield Street, Suite 1300 | Pittsburgh, PA 15222-2315
T: 412.456.2800 | F: 412.456.2864 | www.muslaw.com

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged or confidential. If the reader of this email is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone, and return the original message to the above email address.

**From:** McCurdy, Peter <Peter.McCurdy@cscglobal.com>
**Sent:** Thursday, July 13, 2023 12:00 PM
**To:** David G. Oberdick <DGO@MUSLAW.com>
**Cc:** Grundon, Kevin <Kevin.Grundon@cscglobal.com>
**Subject:** RE: CSC/Digital Dreamlabs

David – thank you for the call earlier today. As discussed we can accept the payment via credit card and then transfer the domains – I have outlined the process below:

1. Dmitriy will need to provide his credit card info (full name, card number, expiration date and the 3 digit code) to Kevin Grundon (copied) as we will need to enter this manually as it is a settlement.
2. Once the payment clears, Jacob will need to provide authorization for the 6 domains names to be transferred to Dmitriy. Once that is provided, our team can work directly with Dmitriy to facilitate the transfer.

Please let us know if you have any questions.

Peter

**From:** David G. Oberdick <DGO@MUSLAW.com>
**Sent:** Wednesday, July 12, 2023 2:07 PM
**To:** McCurdy, Peter <Peter.McCurdy@cscglobal.com>
**Subject:** RE: CSC/Digital Dreamlabs

Yes, that works. I'll send out an invite.

**David G. Oberdick | Attorney at Law**
412.456.2881 | dgo@muslaw.com | vCard | Bio

**Meyer, Unkovic & Scott LLP**

Henry W. Oliver Building | 535 Smithfield Street, Suite 1300 | Pittsburgh, PA 15222-2315
T: 412.456.2800 | F: 412.456.2864 | www.muslaw.com

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged or confidential. If the reader of this email is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone, and return the original message to the above email address.

**From:** McCurdy, Peter <Peter.McCurdy@cscglobal.com>
**Sent:** Wednesday, July 12, 2023 2:05 PM
**To:** David G. Oberdick <DGO@MUSLAW.com>
**Subject:** RE: CSC/Digital Dreamlabs

10:30 tomorrow morning work?

Peter

**From:** David G. Oberdick <DGO@MUSLAW.com>
**Sent:** Wednesday, July 12, 2023 12:50 PM
**To:** McCurdy, Peter <Peter.McCurdy@cscglobal.com>
**Subject:** RE: CSC/Digital Dreamlabs

Peter,

Do you have time to talk by phone today or tomorrow?

**David G. Oberdick | Attorney at Law**
412.456.2881 | dgo@muslaw.com | vCard | Bio

**Meyer, Unkovic & Scott LLP**
Henry W. Oliver Building | 535 Smithfield Street, Suite 1300 | Pittsburgh, PA 15222-2315
T: 412.456.2800 | F: 412.456.2864 | www.muslaw.com

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged or confidential. If the reader of this email is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone, and return the original message to the above email address.

**From:** David G. Oberdick
**Sent:** Monday, July 10, 2023 12:17 PM
**To:** McCurdy, Peter <Peter.McCurdy@cscglobal.com>
**Subject:** RE: CSC/Digital Dreamlabs

CONFIDENTIAL – FOR SETTLEMENT PURPOSES

Peter,

Please let me know if you have time to talk later today. Jacob has asked me to convey that he is agreeable to an arrangement where Dmitriy pays the full settlement amount by credit card and the 6 covered domain names are

conveyed to him. Jacob can provide direct email instructions to this effect and provide other documentation if needed.

Does this present a viable path for finalizing the parties' agreement?

Best,

Dave

# Exhibit

# B

MEYER UNKOVIC SCOTT

Writer's direct dial phone number and e-mail address:
412-456-2881 ~ dgo@muslaw.com

November 9, 2023

*Via electronic & regular mail:*

Dmitriy Ksendzovsky
477 Wailoa Street
Hilo, HI 96720
*Email: dmitriy@digitaldreamlabs.com*

**Re: Notice of Unauthorized Conduct**

Dear Dmitriy:

I am writing on behalf of Digital Dream Labs, LLC ("DDL"). In this capacity, I am writing to provide notice that, based upon information provided to me, you are taking unilateral and unauthorized actions that are detrimental to the interests of DDL and that are inconsistent with your role and responsibilities as Chief Technology Officer of DDL. These actions include:

1. Switching DDL domain names to new hosts. It is my understanding that this action has negatively impacted current efforts to fully reactivate DDL servers. In this respect, Jacob Hanchar is retaining other professionals, at further expense, to complete the work. These professionals advise that the process should not have taken this long to complete.
2. Redacting registration information for DDL domain names.
3. Precluding Jacob Hanchar, as CEO for DDL, from accessing certain files and property of DDL, including, without limitation, software code, domain names and data files. This also is impacting operations as well as coordination on discovery in the Living.ai litigation.

In addition, I am informed that you are not providing timely assistance towards efforts to reactivate DDL servers – which directly impacts the company's revenue stream.

Please let me know when you are available to discuss these serious issues with both Jacob and me.

Very truly yours,

Dave G. Oberdick

DGO/lam

cc: Jacob Hanchar *(via email)*

4877-3638-0558, v. 1

# Exhibit

# C

MEYER UNKOVIC SCOTT

ATTORNEYS AT LAW

Writer's direct dial phone number and e-mail address:
412-456-2881 ~ dgo@muslaw.com

December 1, 2023

***Via Electronic & Certified Mail:***

IONOS Inc.
2 Logan Square
100 N 18th Street, Suite 400
Philadelphia, PA 19103

*Email:* *info@ionos.com*
*ownership@ionos.com*
*abuse@ionos.com*

**RE: Notice of Unauthorized Diversion and Transfer of Domain Names**

To whom it may concern:

Our law serves as outside legal counsel for Digital Dream Labs, Inc. ("DDL"). In that capacity, we have been advised that one of DDL's employees, Dmitriy Ksendzovsky, has acted without authority or permission from DDL, to transfer and deny access to the following domain names: digitaldreamlabs.com and ddl.io.

Mr. Ksendzovsky has been provided with notice that this conduct is unauthorized, but he has refused to comply with a request for access to the accounts. As a result, DDL is sustaining financial losses.

In sum, I am writing to confirm that I am authorizing a change in the primary contact to Jacob Hanchar and also, that, as an authorized representative of DDL, I am confirming that Jacob Hanchar has authority to act on behalf of DDL.

Can you please contact me as soon as possible so that we can coordinate on restoring access by DDL to the two accounts.

Thank you in advance for your attention and cooperation.

Kindest regards,

David G. Oberdick

DGO/lam

cc: Jacob Hanchar

4881-6891-4068, v. 1

MEYER UNKOVIC SCOTT
ATTORNEYS AT LAW

Writer's direct dial phone number and e-mail address:
412-456-2881 ~ dgo@muslaw.com

December 1, 2023

***Via Electronic & Certified Mail:***

BlueHost US Corp.
5335 Gate Parkway
2nd Floor
Jacksonville, FL 32256

*Email: ownership@bluehost.com*
*cases@support.bluehost.com*

**RE: Notice of Unauthorized Diversion and Transfer of Domain Names**

To whom it may concern:

Our law serves as outside legal counsel for Digital Dream Labs, Inc. ("DDL"). In that capacity, we have been advised that one of DDL's employees, Dmitriy Ksendzovsky, has acted without authority or permission from DDL, to transfer and deny access to the following domain names: digitaldreamlabs.com and ddl.io.

Mr. Ksendzovsky has been provided with notice that this conduct is unauthorized, but he has refused to comply with a request for access to the accounts. As a result, DDL is sustaining financial losses.

I note that, in the history of communications between Jacob Hanchar on behalf of DDL and Bluehost, "David" is identified as the contact for DDL. To the extent that this contact is associated with me, I am writing to confirm that I am authorizing a change in the primary contact to Jacob Hanchar and also, that, as an authorized representative of DDL, I am confirming that Jacob Hanchar has authority to act on behalf of DDL.

Can you please contact me as soon as possible so that we can coordinate on restoring access by DDL to the two accounts.

Thank you in advance for your attention and cooperation.

Kindest regards,

David G. Oberdick

DGO/lam

cc: Jacob Hanchar

4862-1449-8708, v. 1

# Exhibit

# D

**From:** Dmitriy Ksendzovsky <dk@key-simple.com>
**Sent:** Monday, April 29, 2024 6:08:31 PM
**To:** David G. Oberdick <DGO@MUSLAW.com>
**Subject:** RE: CEASE AND DESIST

David, I believe Jacob took control over that Bluehost account. Could you please reply to my multiple questions in the email so we could start moving forward on the transition?
Thanks,
Dmitriy

David G. Oberdick | Attorney at Law
412.456.2881 | dgo@muslaw.com | vCard | Bio

Meyer, Unkovic & Scott LLP
Henry W. Oliver Building | 535 Smithfield Street, Suite 1300 | Pittsburgh, PA 15222-2315
T: 412.456.2800 | F: 412.456.2864 | www.muslaw.com

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged or confidential. If the reader of this email is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone, and return the original message to the above email address.

[Quoted text hidden]

**Jacob Hanchar** <jacob@digitaldreamlabs.com> Mon, Apr 29, 2024 at 7:58 PM
To: "David G. Oberdick" <DGO@muslaw.com>

Don't reply until I run down Ionos and GitHub myself
[Quoted text hidden]

**David G. Oberdick** <DGO@muslaw.com> Mon, Apr 29, 2024 at 8:16 PM
To: Jacob Hanchar <jacob@digitaldreamlabs.com>

Ok

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

David G. Oberdick | Attorney at Law
412.456.2881 | dgo@muslaw.com | vCard | Bio

Meyer, Unkovic & Scott LLP
Henry W. Oliver Building | 535 Smithfield Street, Suite 1300 | Pittsburgh, PA 15222-2315
T: 412.456.2800 | F: 412.456.2864 | www.muslaw.com

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged or confidential. If the reader of this email is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone, and return the original message to the above email address.

**From:** Jacob Hanchar <jacob@digitaldreamlabs.com>
**Sent:** Monday, April 29, 2024 7:58:51 PM
**To:** David G. Oberdick <DGO@MUSLAW.com>
[Quoted text hidden]

[Quoted text hidden]

**David G. Oberdick** <DGO@muslaw.com> Tue, Apr 30, 2024 at 6:36 PM
To: Jacob Hanchar <jacob@digitaldreamlabs.com>

Jacob,

Please see the email below. My proposed response is as follows:

Dmitriy –

I am not trading answers for cooperation. Either you want to provide assistance in transitioning code, files, domain names and other information, or you don't. Jacob will advise authorities accordingly.

That said, my responses to your two questions below are as follows:

1. I was not and am not now corporate counsel for DDL (in any form of entity). We do not maintain corporate records, do not make corporate filings and do not otherwise serve the traditional role of corporate counsel. I have at all times interacted with you as intellectual property and litigation counsel for DDL.

2. It is my understanding that you are not employed by DDL. The evidence is the termination notice that Jacob sent to you. Prior to receipt of that notice, you reported and received direction from Jacob. It was only after your termination that you questioned Jacob's authority to do so. This is a straw man argument. It is my understanding that you have reported to no one within DDL and have provided no services or work product for many months. Indeed, evidence of work product is lacking from the time period before your termination.

Please advise when the transition of code, files, etc. will be initiated.

David G. Oberdick | Attorney at Law
412.456.2881 | dgo@muslaw.com | vCard | Bio

Meyer, Unkovic & Scott LLP
Henry W. Oliver Building | 535 Smithfield Street, Suite 1300 | Pittsburgh, PA 15222-2315
T: 412.456.2800 | F: 412.456.2864 | www.muslaw.com

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged or confidential. If the reader of this email is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone, and return the original message to the above email address.

**From:** Dmitriy Ksendzovsky <dk@key-simple.com>
**Sent:** Tuesday, April 30, 2024 5:14 PM
**To:** David G. Oberdick <DGO@MUSLAW.com>
**Subject:** Re: CEASE AND DESIST

David,

Some questions do need to be answered. For example, are you the corporate attorney for DDL. (DDL Inc? DDL, LLC?) You advised me prior that you were not and have not confirmed that that has changed. However, it would be reasonable to assume that you are given our exchanges.

Information about my employment - my understanding that I am still employed with DDL right now. If there is evidence to the contrary please share that evidence.

I will look through other questions and forward a full list - but please reply to the above questions first.

Thank you,

Dmitriy

On 4/30/24 9:38 AM, David G. Oberdick wrote:

Dear Dmitriy,

Jacob has some control over the Bluehost account, but does not have ownership of the domain names associated with the account. Bluehost notes that third-party approval is needed to complete a transfer of ownership, and Jacob understands that you can provide that approval.

At this point in time, I respectfully ask that we first coordinate on the transition. After that is complete, I will answer questions as best as I can.

Dave

David G. Oberdick | Attorney at Law
412.456.2881 | dgo@muslaw.com | vCard | Bio

Meyer, Unkovic & Scott LLP
Henry W. Oliver Building | 535 Smithfield Street, Suite 1300 | Pittsburgh, PA 15222-2315
T: 412.456.2800 | F: 412.456.2864 | www.muslaw.com

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged or confidential. If the reader of this email is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone, and return the original message to the above email address.

**From:** Dmitriy Ksendzovsky <dk@key-simple.com>
**Sent:** Monday, April 29, 2024 6:09 PM
**To:** David G. Oberdick <DGO@MUSLAW.com>
**Subject:** RE: CEASE AND DESIST

David, I believe Jacob took control over that Bluehost account. Could you please reply to my multiple questions in the email so we could start moving forward on the transition?

Thanks,

Dmitriy

[Quoted text hidden]

**Jacob Hanchar** <jacob@digitaldreamlabs.com> Tue, Apr 30, 2024 at 6:51 PM
To: "David G. Oberdick" <DGO@muslaw.com>

Fire away. Curious to see how he contorts/manipulates this one.
[Quoted text hidden]

---

**David G. Oberdick** <DGO@muslaw.com> Tue, May 7, 2024 at 7:16 AM
To: Jacob Hanchar <jacob@digitaldreamlabs.com>

More denials and continuing failure to cooperate.

David G. Oberdick | Attorney at Law
412.456.2881 | dgo@muslaw.com | vCard | Bio

Meyer, Unkovic & Scott LLP

Henry W. Oliver Building | 535 Smithfield Street, Suite 1300 | Pittsburgh, PA 15222-2315
T: 412.456.2800 | F: 412.456.2864 | www.muslaw.com

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged or confidential. If the reader of this email is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone, and return the original message to the above email address.

**From:** Dmitriy Ksendzovsky <dk@key-simple.com>
**Sent:** Monday, May 6, 2024 10:07 PM
**To:** David G. Oberdick <DGO@MUSLAW.com>
**Subject:** RE: CEASE AND DESIST

David, I found your email below offensive and misleading. As CTO I always had primary responsibility for technology and had not changed my position from the time I started my work in the CTO role. CTO is the primary decision maker for technical decisions, CEO primary for execution, CMO for marketing etc.. CEO does not tell CTO or CMO what to do. I reached out to you in August because of different concerns I had doubting soundness of decisions made by Jacob. I was also open with Jacob about my concerns. You and I had similar concerns that date back as early as March of 2023 - so your narrative is completely inaccurate. I also find it offensive because you are choosing to argue your points knowingly misrepresenting the facts.

Dmitriy

On 04/30/2024 1:02 PM HST David G. Oberdick <dgo@muslaw.com> wrote:

Dmitriy –

I am not trading answers for cooperation. Either you want to provide assistance in transitioning code, files, domain names and other information, or you don't. Jacob will advise authorities accordingly.

That said, my responses to your two questions below are as follows:

1. I was not and am not now corporate counsel for DDL (in any form of entity). We do not maintain corporate records, do not make corporate filings, and do not otherwise serve the traditional role of corporate counsel. I have at all times interacted with you as intellectual property and litigation counsel for DDL.

2. It is my understanding that you are not employed by DDL. The evidence is the termination notice that Jacob sent to you in the late summer/early fall of 2023. Prior to receipt of that notice, you reported and received direction from Jacob. It was only after your termination that you questioned Jacob's authority to do so. This is a straw man argument. It is my understanding that you have reported to no one within DDL and have provided no services or work product for many months. Indeed, evidence of work product is lacking from the time period before your termination.

Please advise when the transition of code, files, etc. will be initiated.

Dave

David G. Oberdick | Attorney at Law
412.456.2881 | dgo@muslaw.com | vCard | Bio

Meyer, Unkovic & Scott LLP
Henry W. Oliver Building | 535 Smithfield Street, Suite 1300 | Pittsburgh, PA 15222-2315
T: 412.456.2800 | F: 412.456.2864 | www.muslaw.com

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged or confidential. If the reader of this email is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone, and return the original message to the above email address.

**From:** Dmitriy Ksendzovsky <dk@key-simple.com>
**Sent:** Tuesday, April 30, 2024 5:14 PM
**To:** David G. Oberdick <DGO@MUSLAW.com>
**Subject:** Re: CEASE AND DESIST

David,

Some questions do need to be answered. For example, are you the corporate attorney for DDL. (DDL Inc? DDL, LLC?) You advised me prior that you were not and have not confirmed that that has changed. However, it would be reasonable to assume that you are given our exchanges.

Information about my employment - my understanding that I am still employed with DDL right now. If there is evidence to the contrary please share that evidence.

I will look through other questions and forward a full list - but please reply to the above questions first.

Thank you,

Dmitriy

On 4/30/24 9:38 AM, David G. Oberdick wrote:

Dear Dmitriy,

Jacob has some control over the Bluehost account, but does not have ownership of the domain names associated with the account. Bluehost notes that third-party approval is needed to complete a transfer of ownership, and Jacob understands that you can provide that approval.

At this point in time, I respectfully ask that we first coordinate on the transition. After that is complete, I will answer questions as best as I can.

Dave

David G. Oberdick | Attorney at Law
412.456.2881 | dgo@muslaw.com | vCard | Bio

Meyer, Unkovic & Scott LLP
Henry W. Oliver Building | 535 Smithfield Street, Suite 1300 | Pittsburgh, PA 15222-2315
T: 412.456.2800 | F: 412.456.2864 | www.muslaw.com

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged or confidential. If the reader of this email is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone, and return the original message to the above email address.

**From:** Dmitriy Ksendzovsky <dk@key-simple.com>
**Sent:** Monday, April 29, 2024 6:09 PM
**To:** David G. Oberdick <DGO@MUSLAW.com>
**Subject:** RE: CEASE AND DESIST

David, I believe Jacob took control over that Bluehost account. Could you please reply to my multiple questions in the email so we could start moving forward on the transition?

Thanks,

Dmitriy

[Quoted text hidden]

---

**Jacob Hanchar** <jacob@digitaldreamlabs.com>
To: "David G. Oberdick" <DGO@muslaw.com>
Tue, May 7, 2024 at 10:34 AM

Don't press it. I had our tech team reach out and he is complying enough for us to make progress. It is clear that he is as angry as Rumpelstiltskin. In the Brother's Grimm version when found out Rumpelstiltskin grabs one of his legs and tears himself in two.
[Quoted text hidden]

---

**Jacob Hanchar** <jacob@digitaldreamlabs.com>
To: "David G. Oberdick" <DGO@muslaw.com>
Wed, May 8, 2024 at 3:57 PM

I'm glad he's now resorting to feelings versus facts. What's that saying? When you have neither facts nor the law on your side pound the table and yell like hell? In the several org charts that were circulated and where he was copied many times, it shows me at the top and him and CTO position in general reporting to me. You might also enquire what public company allows a CTO to operate independently. He will need to provide enough examples to demonstrate that this is the rule, not the exception.

As far as the "Jacob is a crazy fox" trope, you're welcome to inform him that Google rolled back his deleted files and it was social engineering on his part to set this framework in order.

You're welcome to call him on it. He and a handful of others actively conspired to not only bankrupt the company, "to teach me a lesson", but to eventually start another one. What's hilarious is that Dmitriy is not a CTO, he doesn't know how to program. That's why his previous support has vanished and now I have the upper hand.

I would suggest only responding this way until we run into a roadblock. For now, he is being a 'good boy'.

- Jacob
[Quoted text hidden]

---

**David G. Oberdick** <DGO@muslaw.com>
To: Jacob Hanchar <jacob@digitaldreamlabs.com>
Wed, May 8, 2024 at 4:10 PM

I'll sit tight for now. I suppose that, in his world, he was reporting to anyone but himself. I think that is called a God complex.

He also continues to seek comfort in the fact that he raised some concerns with my in August – but then ignores the subsequent letters that I sent to him.

David G. Oberdick | Attorney at Law
412.456.2881 | dgo@muslaw.com | vCard | Bio

Meyer, Unkovic & Scott LLP
Henry W. Oliver Building | 535 Smithfield Street, Suite 1300 | Pittsburgh, PA 15222-2315
T: 412.456.2800 | F: 412.456.2864 | www.muslaw.com

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged or confidential. If the reader of this email is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone, and return the original message to the above email address.

**From:** Jacob Hanchar <jacob@digitaldreamlabs.com>
**Sent:** Wednesday, May 8, 2024 3:58 PM
**To:** David G. Oberdick <DGO@MUSLAW.com>
**Subject:** Re: FW: CEASE AND DESIST

I'm glad he's now resorting to feelings versus facts. What's that saying? When you have neither facts nor the law on your side pound the table and yell like hell? In the several org charts that were circulated and where he was copied many times, it shows me at the top and him and CTO position in general reporting to me. You might also enquire what public company allows a CTO to operate independently. He will need to provide enough examples to demonstrate that this is the rule, not the exception.

As far as the "Jacob is a crazy fox" trope, you're welcome to inform him that Google rolled back his deleted files and it was social engineering on his part to set this framework in order.

You're welcome to call him on it. He and a handful of others actively conspired to not only bankrupt the company, "to teach me a lesson", but to eventually start another one. What's hilarious is that Dmitriy is not a CTO, he doesn't know how to program. That's why his previous support has vanished and now I have the upper hand.

I would suggest only responding this way until we run into a roadblock. For now, he is being a 'good boy'.

- Jacob

On Tue, May 7, 2024 at 10:34 AM Jacob Hanchar <jacob@digitaldreamlabs.com> wrote:

Don't press it. I had our tech team reach out and he is complying enough for us to make progress. It is clear that he is as angry as Rumpelstiltskin. In the Brother's Grimm version when found out Rumpelstiltskin grabs one of his legs and tears himself in two.

On Tue, May 7, 2024, 7:16 AM David G. Oberdick <DGO@muslaw.com> wrote:

More denials and continuing failure to cooperate.

David G. Oberdick | Attorney at Law
412.456.2881 | dgo@muslaw.com | vCard | Bio

Meyer, Unkovic & Scott LLP
Henry W. Oliver Building | 535 Smithfield Street, Suite 1300 | Pittsburgh, PA 15222-2315
T: 412.456.2800 | F: 412.456.2864 | www.muslaw.com

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged or confidential. If the reader of this email is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone, and return the original message to the above email address.

**From:** Dmitriy Ksendzovsky <dk@key-simple.com>
**Sent:** Monday, May 6, 2024 10:07 PM
**To:** David G. Oberdick <DGO@MUSLAW.com>
**Subject:** RE: CEASE AND DESIST

David, I found your email below offensive and misleading. As CTO I always had primary responsibility for technology and had not changed my position from the time I started my work in the CTO role. CTO is the primary decision maker for technical decisions, CEO primary for execution, CMO for marketing etc.. CEO does not tell CTO or CMO what to do. I reached out to you in August because of different concerns I had doubting soundness of decisions made by Jacob. I was also open with Jacob about my concerns. You and I had similar concerns that date back as early as March of 2023 - so your narrative is completely inaccurate. I also find it offensive because you are choosing to argue your points knowingly misrepresenting the facts.

Dmitriy

On 04/30/2024 1:02 PM HST David G. Oberdick <dgo@muslaw.com> wrote:

Dmitriy –

I am not trading answers for cooperation. Either you want to provide assistance in transitioning code, files, domain names and other information, or you don't. Jacob will advise authorities accordingly.

That said, my responses to your two questions below are as follows:

1. I was not and am not now corporate counsel for DDL (in any form of entity). We do not maintain corporate records, do not make corporate filings, and do not otherwise serve the traditional role of corporate counsel. I have at all times interacted with you as intellectual property and litigation counsel for DDL.

2. It is my understanding that you are not employed by DDL. The evidence is the termination notice that Jacob sent to you in the late summer/early fall of 2023. Prior to receipt of that notice, you reported and received direction from Jacob. It was only after your termination that you questioned Jacob's authority to do so. This is a straw man argument. It is my understanding that you have reported to no one within DDL and have provided no services or work product for many months. Indeed, evidence of work product is lacking from the time period before your termination.

Please advise when the transition of code, files, etc. will be initiated.

# Exhibit

# E

# Magisterial District Judge 05-2-04

## DOCKET

Docket Number: MJ-05204-CV-0000164-2024

**Civil Docket**

Digital Dream Labs, Inc and Dialectic H. Jacob Hanchar and Zack Zeltzer
v.
KeySimple, Dmitriy Ksendzovsky



## CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: | Matthew V. Rudzki | File Date: | 08/02/2024 |
| Claim Amount: | $12,000.00 | Case Status: | Closed |
| Judgment Amount: | $12,201.75 | County: | Allegheny |

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Civil Action Hearing | 09/19/2024 | 10:30 am | | Matthew V. Rudzki | Continued |
| Civil Action Hearing | 10/24/2024 | 11:00 am | | Matthew V. Rudzki | Scheduled |

## CASE PARTICIPANTS

| Participant Type | Participant Name | Address |
|---|---|---|
| Defendant | KeySimple | Hilo, HI 96720 |
| Defendant | Ksendzovsky, Dmitriy | Hilo, HI 96720 |
| Plaintiff | Digital Dream Labs, Inc and Dialectic H. Jacob Hanchar and Zack Zeltzer | Pittsburgh, PA 15215 |

## DISPOSITION SUMMARY

| Docket Number | Plaintiff | Defendant | Disposition | Disposition Date |
|---|---|---|---|---|
| MJ-05204-CV-0000164-2024 | Digital Dream Labs, Inc and Dialectic H. Jacob Hanchar and Zack Zeltzer | KeySimple | Judgment for Plaintiff | 10/24/2024 |
| MJ-05204-CV-0000164-2024 | Digital Dream Labs, Inc and Dialectic H. Jacob Hanchar and Zack Zeltzer | Dmitriy Ksendzovsky | Judgment for Plaintiff | 10/24/2024 |

## CIVIL DISPOSITION / JUDGMENT DETAILS

**Disposition Date:** 10/24/2024 **Monthly Rent:** $0.00

| Defendant(s) | Plaintiff(s) | Disposition | Joint/Several Liability | Individual Liability | Net Judgment |
|---|---|---|---|---|---|
| KeySimple; Dmitriy Ksendzovsky | Digital Dream Labs, Inc and Dialectic H. Jacob Hanchar and Zack Zeltzer | Judgment for Plaintiff | $12,201.75 | $0.00 | $12,201.75 |

Judgment Components:

| Type | Amount | Deposit Amount | Adjusted Amount |
|---|---|---|---|
| *Civil Judgment | $12,000.00 | $0.00 | $12,000.00 |
| *Costs | $201.75 | $0.00 | $201.75 |

* Is Joint/Several



Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets. You should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained.

# Magisterial District Judge 05-2-04

## DOCKET

Docket Number: MJ-05204-CV-0000164-2024

## Civil Docket

Digital Dream Labs, Inc and Dialectic H. Jacob Hanchar and Zack Zeltzer
v.
KeySimple, Dmitriy Ksendzovsky



### DOCKET ENTRY INFORMATION

| Filed Date | Entry | Filer | Applies To |
|---|---|---|---|
| 10/24/2024 | Judgment for Plaintiff | Magisterial District Court 05-2-04 | Dmitriy Ksendzovsky, Defendant |
| 10/24/2024 | Judgment for Plaintiff | Magisterial District Court 05-2-04 | KeySimple, Defendant |
| 10/24/2024 | Judgment Entered | Magisterial District Court 05-2-04 | Dmitriy Ksendzovsky, Defendant |
| 10/24/2024 | Judgment Entered | Magisterial District Court 05-2-04 | KeySimple, Defendant |
| 09/19/2024 | Certified Civil Complaint Accepted | Magisterial District Court 05-2-04 | KeySimple, Defendant |
| 09/12/2024 | Intent to Defend Filed | KeySimple<br>Dmitriy Ksendzovsky | KeySimple, Defendant<br>Dmitriy Ksendzovsky, Defendant |
| 08/13/2024 | Certified Civil Complaint Accepted | Magisterial District Court 05-2-04 | Dmitriy Ksendzovsky, Defendant |
| 08/02/2024 | Certified Civil Complaint Issued | Magisterial District Court 05-2-04 | Dmitriy Ksendzovsky, Defendant |
| 08/02/2024 | Certified Civil Complaint Issued | Magisterial District Court 05-2-04 | KeySimple, Defendant |
| 08/02/2024 | Civil Complaint Filed | Digital Dream Labs, Inc and Dialectic H. Jacob Hanchar and Zack Zeltzer | |



Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets. You should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained.

# Exhibit

# F

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

DIGITAL DREAM LABS, INC., DIALECTIC, H. JACOB HANCHAR and ZACK ZELTZER,

Plaintiff,

v.

KEYSIMPLE and DMITRIY KSENDZOVSKY,

Defendants.

CIVIL DIVISION

No.:

**PRAECIPE TO ENTER JUDGMENT ON MAGISTERIAL DISTRICT COURT JUDGMENT**

Filed on behalf of:
Plaintiff Digital Dream Labs, Inc., Dialectic, H. Jacob Hanchar and Zack Zeltzer

Counsel of Record for this Party:

Robert E. Dauer, Jr., Esq.
Pa. I.D. #61699

MEYER, UNKOVIC & SCOTT LLP
Firm #199
600 Grant Street, 50th Floor
Pittsburgh, PA 15219

(412) 456-2800
(412) 456-2864 (FAX)

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| DIGITAL DREAM LABS, INC., DIALECTIC, H. JACOB HANCHAR and ZACK ZELTZER, | ) | CIVIL DIVISION |
| | ) | |
| | ) | No.: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KEYSIMPLE and DMITRIY KSENDZOVSKY, | ) | |
| Defendants. | | |

**PRAECIPE TO ENTER JUDGMENT ON MAGISTERIAL DISTRICT COURT JUDGMENT**

TO: DEPARTMENT OF COURT RECORDS:

KINDLY enter judgment for the Plaintiff Digital Dream Labs, Inc., Dialectic, H. Jacob Hanchar and Zack Zeltzer, and against the Defendants KeySimple and Dmitriy Ksendzovsky in the following amount:

| | |
|---|---|
| Judgment Amount: | $12,201.75 |
| **TOTAL:** | **$12,201.75** |

Plus costs and interest from October 24, 2024, until the date of payment. A certified copy of the October 24, 2024 Notice of Judgment/Transcript Civil Case is attached hereto as "Exhibit A."

Respectfully submitted,

MEYER, UNKOVIC & SCOTT LLP

Date: February 25, 2026

By: */s/ Robert E. Dauer, Jr.,*
Robert E. Dauer, Jr.,

ATTORNEYS FOR PLAINTIFF

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| DIGITAL DREAM LABS, INC., DIALECTIC, H. JACOB HANCHAR and ZACK ZELTZER, | ) CIVIL DIVISION |
| | ) |
| | ) No.: |
| Plaintiff, | ) |
| v. | ) |
| KEYSIMPLE and DMITRIY KSENDZOVSKY, | ) |
| Defendants. | |

**NOTICE OF ORDER, DECREE OR JUDGMENT**

TO:

KeySimple
477 Wailoa Street
Hilo, HI 96720

Dmitriy Ksendzovsky
477 Wailoa Street
Hilo, HI 96720

You are hereby notified that a Judgment was entered in the above captioned proceeding on

________________________________, 2026.

| | | | | | |
|---|---|---|---|---|---|
| ( ) | Decree Nisi in Equity. | | | | |
| ( ) | Final Decree in Equity. | | | | |
| (X) | Judgment of | ( ) | Confession | ( ) | Verdict |
| | | ( ) | Default | ( ) | Non-Suit |
| | | ( ) | Non-Pros | (X) | Magistrate Award |
| | | ( ) | Possession | | |

(X) Judgment is in the amount of **$12,201.75.**

PROTHONOTARY

By:____________________________________

If you have any questions concerning the above, please contact:

Name of Attorney/Filing Party: Robert E. Dauer, Jr., Attorney for Plaintiff
MEYER, UNKOVIC & SCOTT LLP
535 Smithfield Street, Suite. 1300
Pittsburgh, PA 15219
(412) 456-2800

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF ALLEGHENY

# NOTICE OF JUDGMENT/TRANSCRIPT CIVIL CASE

| | |
|---|---|
| Mag. Dist. No: | MDJ-05-2-04 |
| MDJ Name: | Honorable Eileen M. Conroy |
| Address: | 1205 Main Street<br>Pittsburgh, PA 15215 |
| Telephone: | 412-784-8555 |

Digital Dream Labs, Inc and Dialectic H. Jacob Hanchar and Zack Zeltzer
v.
KeySimple, Dmitriy Ksendzovsky

Digital Dream Labs, Inc and Dialectic H. Jacob Hanchar and Zack Zeltzer
22 Wedgewood Lane
Pittsburgh, PA 15215

Docket No: MJ-05204-CV-0000164-2024
Case Filed: 8/2/2024

## Disposition Summary (cc - Cross Complaint)

| Docket No | Plaintiff | Defendant | Disposition | Disposition Date |
|---|---|---|---|---|
| MJ-05204-CV-0000164-2024 | Digital Dream Labs, Inc and Dialectic H. Jacob Hanchar and Zack Zeltzer | KeySimple | Judgment for Plaintiff | 10/24/2024 |
| MJ-05204-CV-0000164-2024 | Digital Dream Labs, Inc and Dialectic H. Jacob Hanchar and Zack Zeltzer | Dmitriy Ksendzovsky | Judgment for Plaintiff | 10/24/2024 |

## Judgment Summary

| Participant | Joint/Several Liability | Individual Liability | Amount |
|---|---|---|---|
| Digital Dream Labs, Inc and Dialectic H. Jacob Hanchar and Zack Zeltzer | $0.00 | $0.00 | $0.00 |
| Dmitriy Ksendzovsky | $12,201.75 | $0.00 | $12,201.75 |
| KeySimple | $12,201.75 | $0.00 | $12,201.75 |

## Judgment Finding (*Post Judgment)

In the matter of Digital Dream Labs, Inc and Dialectic H. Jacob Hanchar and Zack Zeltzer vs. KeySimple; Dmitriy Ksendzovsky on MJ-05204-CV-0000164-2024, on 10/24/2024 the judgment was awarded as follows:

| Judgment Component | Joint/Several Liability | Individual Liability | Security Deposit Applied | Amount |
|---|---|---|---|---|
| Civil Judgment | $12,000.00 | $0.00 | | $12,000.00 |
| Costs | $201.75 | $0.00 | | $201.75 |
| | | | Grand Total: | $12,201.75 |

**Comments:**

ANY PARTY HAS THE RIGHT TO APPEAL WITHIN 30 DAYS AFTER THE ENTRY OF JUDGMENT BY FILING A NOTICE OF APPEAL WITH THE PROTHONOTARY/CLERK OF COURT OF COMMON PLEAS, CIVIL DIVISION. YOU MUST INCLUDE A COPY OF THIS NOTICE OF JUDGMENT/TRANSCRIPT FORM WITH YOUR NOTICE OF APPEAL.

EXCEPT AS OTHERWISE PROVIDED IN THE RULES OF CIVIL PROCEDURE FOR MAGISTERIAL DISTRICT JUDGES, IF THE JUDGMENT HOLDER ELECTS TO ENTER THE JUDGMENT IN THE COURT OF COMMON PLEAS OR THE PHILADELPHIA MUNICIPAL COURT, ALL FURTHER PROCESS MUST COME FROM THE COURT OF COMMON PLEAS OR THE PHILADELPHIA MUNICIPAL COURT AND NO FURTHER PROCESS MAY BE ISSUED BY THE MAGISTERIAL DISTRICT JUDGE.

UNLESS THE JUDGMENT IS ENTERED IN THE COURT OF COMMON PLEAS OR THE PHILADELPHIA MUNICIPAL COURT, ANYONE INTERESTED IN THE JUDGMENT MAY FILE A REQUEST FOR ENTRY OF SATISFACTION WITH THE MAGISTERIAL DISTRICT JUDGE IF THE JUDGMENT DEBTOR PAYS IN FULL, SETTLES, OR OTHERWISE COMPLIES WITH THE JUDGMENT.

10-24-24
Date

[signature] Matthew V. Rudzki
Magisterial District Judge Matthew V. Rudzki

Digital Dream Labs, Inc and Dialectic H. Jacob
Hanchar and Zack Zeltzer
v.
KeySimple, Dmitriy Ksendzovsky

Docket No.: MJ-05204-CV-0000164-2024

I certify that this is a true and correct copy of the record of the proceedings containing the judgment.

2-19-26 ______ Date

Eileen Gomez ______ Magisterial District Judge



FREE INTERPRETER
www.pacourts.us/language-rights
412-350-5419

Digital Dream Labs, Inc and Dialectic H. Jacob Hanchar and Zack Zeltzer
v.
KeySimple, Dmitriy Ksendzovsky

Docket No.: MJ-05204-CV-0000164-2024

# Participant List

**Plaintiff(s)**

Digital Dream Labs, Inc and Dialectic H. Jacob Hanchar and Zack Zeltzer
22 Wedgewood Lane
Pittsburgh, PA 15215

**Defendant(s)**

KeySimple
477 Wailoa St
Hilo, HI 96720

Dmitriy Ksendzovsky
477 Wailoa St
Hilo, HI 96720



FREE INTERPRETER
www.pacourts.us/language-rights
412-350-5419

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within **PRAECIPE TO ENTER JUDGMENT ON MAGISTERIAL DISTRICT COURT JUDGMENT** was served, via U.S. First-Class Mail, on this 25TH day of February, 2026, upon the following:

KeySimple
477 Wailoa Street
Hilo, HI 967.20

Dmitriy Ksendzovsky
477 Wailoa Street
Hilo, HI 96720

*/s/ Robert E. Dauer, Jr.,*
Robert E. Dauer, Jr.,

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Respectfully submitted,

MEYER, UNKOVIC & SCOTT LLP

By: */s/ Robert E. Dauer, Jr.,*
Robert E. Dauer, Jr., Esquire
Pa. I.D. #61699

ATTORNEYS FOR PLAINTIFF

# Exhibit

# G

**Plaintiff's Contemporaneous Notes of Virtual Meeting**

(on July 31st, 2026) Reflecting Defendant Ksendzovsky's statement regarding the domains and alleged buy-back option,

"I made an agreement with Mr. Hanchar and CSC… Key Simple paid for those domains directly to CSC with Mr. Hanchar and Mr. Oberdick's agreement. And [DDL] had an option to buy back those domains in, I think it's half a year, by paying back the 15,000 that Key Simple paid… And that expired and DDL never paid…"

Plaintiff has requested the official recording and/or transcript from the Receiver and will supplement this filing if and when it becomes available. The quotation above is offered as Plaintiff's best recollection of the substance of Ksendzovsky's statement.

**VERIFICATION**

I, Harry Jacob Hanchar, am the Plaintiff in this action. I verify that the statements made in the foregoing Joinder are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

Harry Jacob Hanchar

August 11th, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Joinder was served upon all counsel of record and unrepresented parties via the Court's electronic filing system and/or email on the date of filing.

Harry Jacob Hanchar

August 11th, 2026

**VERIFICATION**

I, Harry Jacob Hanchar, am the Defendant in the above-captioned action and appear *pro se* solely in my individual capacity. I hereby certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I have read the foregoing Third Notice of Recent Developments.
2. The factual statements contained therein are true and correct to the best of my knowledge, information, and belief.
3. The attached Exhibit A and Exhibit B are true and correct copies of the documents described.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 11th day of August, 2026.

________________________

**Harry Jacob Hanchar**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of August, 2026, a true and correct copy of the foregoing Third Notice of Recent Developments, together with the Verification and Exhibits, was served upon counsel for Plaintiff via the Court's electronic filing system (ADS) and/or by email at:

David J. Rubenstein, Esq.

Rubenstein Business Law

drubenstein@rubensteinbusinesslaw.com

______________________

**Harry Jacob Hanchar**