**Harry Jacob Hanchar**
22 Wedgewood Lane
Pittsburgh, PA 15215
(412) 852-7132
hjh122@gmail.com

September 21st, 2026

**Clerk of Court**
United States District Court
District of New Jersey – Newark Vicinage
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

**Re: Dialectic PR, LLC v. Anki, LLC f/k/a Digital Dream Labs, Inc. and Harry Jacob Hanchar**
**Civil Action No. 2:26-cv-05764-CCC-JBC**
**Defendant Harry Jacob Hanchar's Answer to Complaint, Affirmative Defenses, and Counterclaims**

Dear Clerk of Court:

Enclosed for filing please find the following documents submitted by Defendant Harry Jacob Hanchar, appearing *pro se* solely in his individual capacity:

1. Defendant Harry Jacob Hanchar's Answer to Complaint, Affirmative Defenses, and Counterclaims against Dialectic PR, LLC
2. Verification
3. Certificate of Service

Thank you for your assistance.

Respectfully submitted,

Harry Jacob Hanchar
*Pro Se*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

**(Newark Vicinage)**

**DIALECTIC PR, LLC,**

Plaintiff,

v.

**ANKI, LLC f/k/a DIGITAL DREAM LABS, INC.**

and

**HARRY JACOB HANCHAR,**

Defendants.

**Civil Action No. 2:26-cv-05764-CCC-JBC**

**DEFENDANT HARRY JACOB HANCHAR'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS AGAINST DIALECTIC PR, LLC**

Defendant Harry Jacob Hanchar, appearing *pro se* solely in his individual capacity, answers the Complaint and asserts the following Affirmative Defenses and Counterclaims against Plaintiff Dialectic PR, LLC.

To Defendant's knowledge, Anki, LLC remains unserved and unrepresented in this action. Hanchar's pending Motion to Transfer Venue or, in the alternative, to Stay Proceedings is not withdrawn. This Answer is filed because a response is due. It does not waive transfer, stay, comity, or abstention.

Zachary Zeltzer is Dialectic's principal and directed much of the conduct described below. He is not a party at this time. Hanchar reserves all personal claims against Zeltzer and will seek leave to join and serve him under Fed. R. Civ. P. 13(h) and 20 if this action remains pending here or is transferred. Describing Zeltzer's conduct is not joinder, not service, and not an appearance by him.

**STATEMENT OF FACTS**

This action arises from a Promissory Note dated March 30, 2023, under which Digital Dream Labs (aka Anki, LLC) pledged certain intellectual property as collateral to Plaintiff. The intellectual property includes GitHub repositories, IONOS hosting accounts, and associated domains.

On May 22, 2026, the Court of Common Pleas of Allegheny County, Pennsylvania, issued a standing protective order preserving these exact assets in *Hanchar v. Swingle and Ksendzovsky, et al.*, No. GD-25-013191.

On July 9, 2026, the same Court entered a comprehensive Order appointing Attorney John J. Richardson as Receiver Pendente Lite with exclusive possession and control over the Receivership Digital Assets, including the GitHub accounts, IONOS hosting accounts, domains, subscription billing accounts, and customer data. The Order broadly enjoins any person or entity from commencing, prosecuting, or continuing any suit or proceeding against or affecting the Receivership Digital Assets without first obtaining leave of the Pennsylvania court. That Order was entered by the Honorable Daniel D. Regan.

On August 5, 2026, the Receiver filed a Motion for Supplemental Order Compelling Transfer of Certain Receivership Digital Assets (IONOS Accounts), seeking an order forcing IONOS to transfer exclusive possession of multiple domains, including anki.com, cozmo.com, digitaldreamlabs.com, and others.

On August 10, 2026, Dmitriy Ksendzovsky filed a formal Response and Opposition to the Receiver's Motion, asserting that six core domains (anki.com, ankiinc.com, anki-services.com, ankioverdrive.com, cozmo.com, and cozmorobot.com) were sold in 2023 and later conveyed to

Key Simple, and therefore fall outside the Receivership Estate. He also moved to file supporting correspondence under seal.

On August 11, 2026, Defendant filed a Joinder in the Receiver's Motion and Response to Ksendzovsky's Opposition, supporting exclusive possession by the Receiver and placing the contemporaneous 2023–2024 record before the Pennsylvania court. The Receiver has actively sought to take possession of the domains and related accounts, and a hearing on those issues was held on August 26, 2026. A proposed order remains pending.

Despite the July 9 Receivership Order and the active multi-party proceedings in Pennsylvania over the identical assets, Plaintiff has continued to prosecute this New Jersey action. Plaintiff's counsel contacted the court-appointed Receiver (placed on the record at a July 31, 2026 meeting), and Plaintiff previously attempted to obtain a clerk's judgment, which was refused. These facts demonstrate that the identical digital assets remain under the exclusive supervision of the Pennsylvania Receiver and are the subject of active, contested ownership and possession proceedings in that court.

In addition, Plaintiff has never provided a clear, consistent, or documented accounting of any amount allegedly owed. Defendant has repeatedly requested a definitive statement of the claimed balance; Plaintiff has failed to supply one. Plaintiff also remains in possession of a substantial quantity of the company's robots, the value of which offsets any alleged debt. Defendant previously proposed a reasonable settlement to resolve the parties' disputes; Plaintiff rejected it. Plaintiff, while acting as distributor, repeatedly engaged in unauthorized Amazon listings under the company's brands and other names, creating direct competition with the company's own sales, misrepresenting the source of the products, and requiring repeated interventions by Amazon to remove the listings.

The same digital assets are also the subject of Allegheny County proceedings involving Capital Foundry Funding, LLC, including intervention in No. GD-25-013191 and related execution efforts.

These facts form the background for Defendant's denials, affirmative defenses, and counterclaims.

**ANSWER TO THE COMPLAINT**

**THE PARTIES**

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's corporate status, principal place of business, and self-description, and therefore denies the same.
2. Admitted that ANKI, LLC f/k/a Digital Dream Labs, Inc. is a limited liability company. Defendant lacks knowledge or information sufficient to form a belief as to the precise address alleged and therefore denies the same.
3. Admitted that Defendant Harry Jacob Hanchar is an individual who resides at 22 Wedgewood Lane, Pittsburgh, PA 15215, is a citizen of Pennsylvania, and has ownership interests in ANKI, LLC f/k/a Digital Dream Labs, Inc. All other characterizations are denied.

**JURISDICTION AND VENUE**

4. Denied. Jurisdiction and venue are improper in light of the July 9, 2026 Pennsylvania Receivership Order and the exclusive control of the Receiver over the assets at issue. The forum-selection allegations are also denied to the extent they seek to override the Pennsylvania court's exclusive jurisdiction.
5. Denied for the same reasons stated in response to paragraph 4.

**FIRST COUNT (Replevin and Possession)**

4. Denied as stated. Defendant admits that discussions regarding a potential business relationship occurred in early 2023 but denies Plaintiff's characterization of the parties' desires, motives, and the nature of any approach.

5. Admitted that a Promissory Note dated March 30, 2023 was executed. Defendant denies Plaintiff's characterization of its terms, the scope of any guaranty, and all implications of default or entitlement.

6. Denied as stated. Defendant admits the Note referenced certain additional terms but denies that Plaintiff is or was entitled to the relief claimed or that any such terms were breached in the manner alleged.

7. Admitted that the Note contained default, acceleration, and collateral provisions. Defendant denies that any default occurred, that Plaintiff properly declared default, or that Plaintiff is entitled to the collateral or any other relief.

8. Defendant admits that certain funds were advanced and that certain repayments were made. Defendant denies the precise amounts, dates, and characterization of any remaining balance as alleged, and specifically denies that any balance remains due and owing under the circumstances.

9. Denied in its entirety. Defendant specifically denies any default, any failure to provide the items listed, and any insolvency caused by Defendants' actions.

10. Denied as stated. Defendant lacks knowledge or information sufficient to form a belief as to what Plaintiff "learned," and denies the remaining allegations, including any implication that the server shutdown or other events support Plaintiff's claims.

11. Denied as stated. Defendant admits that a lawsuit was filed by Newtek Small Business Finance, LLC but denies Plaintiff's characterizations of default, the Confession of Judgment, and any relevance to the claims here.

12. Admitted that Plaintiff sent a letter on or about August 10, 2023. Defendant denies that the Loan was properly in default, that acceleration was proper, or that any demand was validly made or refused under the circumstances.
13. Admitted that Plaintiff sent a letter on or about September 22, 2023 demanding possession. Defendant denies that Plaintiff was or is entitled to possession of any intellectual property.
14. Denied. No balance remains due and owing as alleged, and Defendant denies Plaintiff's entitlement to any sum plus interest.
15. The legal citations and general statements of law are conclusions of law to which no response is required. To the extent a response is required, Defendant denies that Plaintiff has established any cause of action for replevin.
16. The legal citations and general statements of law are conclusions of law to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any pre-judgment or other relief.
17. Denied in its entirety. Defendant specifically denies the existence of a valid outstanding debt in the amount claimed, denies any perfected or enforceable security interest available for seizure in this action, and denies any default.
18. Denied. Plaintiff is not entitled to replevin or possession of any intellectual property or digital assets, which are under the exclusive control of the Pennsylvania Receiver.

WHEREFORE clause of First Count: Denied. Plaintiff is entitled to none of the relief demanded.

**SECOND COUNT (Breach of Promissory Note)**

19. Defendant incorporates by reference his responses to paragraphs 1 through 18 as if fully set forth herein.

20. Denied as stated.

21. Admitted that a Promissory Note dated March 30, 2023 was executed. Defendant denies Plaintiff's characterizations and any implication of breach or entitlement.

22. Denied as stated.

23. Admitted that the Note contained default, acceleration, and collateral language. Defendant denies any default or Plaintiff's entitlement to the collateral.

24. Same response as to paragraph 8.

25. Denied in its entirety.

26. Denied.

WHEREFORE clause of Second Count: Denied. Plaintiff is entitled to none of the relief demanded against ANKI.

**THIRD COUNT (Breach of Guaranty)**

27. Defendant incorporates by reference his responses to paragraphs 1 through 26 as if fully set forth herein.

28. Denied as stated.

29. Same response as to paragraph 21.

30. Same response as to paragraph 22.

31. Same response as to paragraph 23.

32. Same response as to paragraph 24.

33. Denied in its entirety.

34. Same response as to paragraph 10.

35. Same response as to paragraph 11.

36. Denied.

37. Denied.

38. Denied. Defendant is not liable under any guaranty for the sums claimed.

WHEREFORE clause of Third Count: Denied. Plaintiff is entitled to none of the relief demanded against Hanchar.

**FOURTH COUNT (Breach of Distribution Agreement)**

39. Defendant incorporates by reference his responses to paragraphs 1 through 38 as if fully set forth herein.

40. Admitted that an International Distribution Agreement was executed on or about April 6 or 8, 2023. Defendant denies Plaintiff's characterizations of its terms and duration.

41. Denied as stated. Defendant admits the Agreement contained certain termination and repurchase language but denies that the conditions for termination or repurchase have been met or that Plaintiff is entitled to the relief claimed.

42. Denied.

43. Denied.

WHEREFORE clause of Fourth Count: Denied. Plaintiff is entitled to none of the relief demanded.

**FIFTH COUNT (Unjust Enrichment)**

44. Denied. This claim is barred by the existence of express contracts.

45. Same response as to paragraph 8.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

WHEREFORE clause of Fifth Count: Denied. Plaintiff is entitled to none of the relief demanded.

**SIXTH COUNT (Fraud/Fraudulent Inducement)**

50. Defendant incorporates by reference his responses to all prior paragraphs as if fully set forth herein.
51. Denied as stated. Defendant admits discussions occurred but denies the specific representations and characterizations alleged.
52. Denied.
53. Denied.
54. Denied.
55. Denied.
56. Denied.
57. Denied.

WHEREFORE clause of Sixth Count: Denied. Plaintiff is entitled to none of the relief demanded.

**SEVENTH COUNT (Appointment of Equitable Receiver)**

58. Defendant incorporates by reference his responses to all prior paragraphs as if fully set forth herein.
59. The legal citations and general statements of law are conclusions of law to which no response is required. To the extent a response is required, Defendant denies that appointment of a receiver is appropriate or available in this action given the existing Pennsylvania Receivership.
60. Denied.

61. Denied. The assets are already under the exclusive control of the Pennsylvania Receiver Pendente Lite.

62. Denied.

WHEREFORE clause of Seventh Count: Denied. Plaintiff is entitled to none of the relief demanded, including appointment of any receiver.

**EIGHTH COUNT (Piercing the Corporate Veil / Alter Ego Liability as to Hanchar / Successor Liability)**

63. Defendant incorporates by reference his responses to all prior paragraphs as if fully set forth herein.

64. Denied.

65. Denied.

66. Denied.

WHEREFORE clause of Eighth Count: Denied. Plaintiff is entitled to none of the relief demanded.

**AFFIRMATIVE DEFENSES**

1. Failure to state a claim upon which relief can be granted.
2. Estoppel and waiver.
3. Failure of consideration and prior material breach by Plaintiff.
4. Unclean hands (including Plaintiff's rejection of a reasonable settlement proposal, failure to provide a clear accounting, retention of robots that offset any claimed debt, and unauthorized Amazon activity).
5. Setoff and recoupment (including the value of robots and product remaining in Plaintiff's possession).
6. Uncertainty and failure of proof as to any amount allegedly owed, Plaintiff has never provided a consistent, documented accounting despite repeated requests.
7. Comity, judicial economy, and the risk of inconsistent rulings. The identical assets are under the exclusive possession and control of a Pennsylvania court-appointed Receiver, were the subject of an August 26, 2026 hearing, and remain the subject of a pending proposed order.
8. Forum shopping and abuse of process.
9. The assets are subject to the exclusive jurisdiction of the Pennsylvania Receiver.
10. Plaintiff seeks possession of assets already subject to a Pennsylvania receivership and an appointed Receiver.
11. Plaintiff's possessory claims are an improper attempt to circumvent the July 9, 2026 Receivership Order.
12. Defendant reserves the right to assert additional defenses as discovery warrants.

**COUNTERCLAIMS**

RESERVATION AS TO ZACHARY ZELTZER

The counterclaims below are asserted against Dialectic PR, LLC only. Zeltzer's acts are alleged because he is Dialectic's principal and directed Dialectic's conduct. Hanchar reserves all claims against Zeltzer personally, including fraudulent inducement, tortious interference, civil conspiracy, abuse of process, alter-ego liability, and intentional infliction of emotional distress. Those personal claims will be asserted by separate joinder and Rule 4 service. They are not waived by this Answer.

**COUNT I – Fraudulent Inducement**

(Against Dialectic PR, LLC)

Plaintiff, through its principal Zeltzer, induced Defendant to execute the Promissory Note and related agreements through material false representations, including promises of substantial funding (a $20 million note and access to a $50 million line of credit) that were never fulfilled. Defendant reasonably relied on these representations to his detriment. Plaintiff has further failed to provide any clear or consistent accounting of amounts allegedly owed.

**COUNT II – Breach of Distribution Agreement**

(Against Dialectic PR, LLC)

Plaintiff materially breached the April 6, 2023 International Distributor Agreement by failing to perform its promotional and distribution obligations, while simultaneously interfering with manufacturing and seeking to seize the company's intellectual property and by engaging in unauthorized Amazon listings under the company's brands and other names, thereby competing against the company, misrepresenting the source of the products, and requiring repeated removals by Amazon.

**COUNT III – Tortious Interference with Prospective Business Relations and Contractual Relations**

(Against Dialectic PR, LLC)

Defendant had existing and prospective business and contractual relationships concerning the development, commercialization, manufacturing, and control of the Digital Dream Labs / Anki intellectual property and digital assets.

Plaintiff knew of these relationships and intentionally interfered with them through improper means, including:

- The September 5, 2023 demand letter to Axiom instructing the manufacturer to halt production;
- Coordination regarding control of servers and intellectual property;
- Threats and pressure directed at Defendant in connection with this dispute;
- Ksendzovsky's July 31, 2026 email and August 10, 2026 formal Opposition to the Receiver asserting that six core domains were permanently sold in 2023 and demanding that the Receiver refrain from taking possession; and
- The ongoing multi-front efforts to seize or remove assets now under exclusive Pennsylvania receivership control.

These acts have caused Defendant substantial damages.

**COUNT IV – Civil Conspiracy**

(Against Dialectic PR, LLC)

Plaintiff, acting through Zeltzer, and together with others, pursued a common plan to obtain control of the company's intellectual property and digital assets through improper means, including the acts described above. Defendant has been damaged by the conspiracy.

**COUNT V – Abuse of Process**

(Against Dialectic PR, LLC)

Plaintiff filed and has continued this lawsuit for the ulterior purpose of circumventing the Pennsylvania court's exclusive jurisdiction and the Receiver's control over the identical digital assets. Plaintiff, acting through Zeltzer, and together with others, used process to pursue control of the company's intellectual property and digital assets through improper means.

Improper acts include prosecuting this action after the July 9, 2026 Receivership Order, counsel's contact with the Receiver on or about July 31, 2026, the attempted (and refused) clerk's judgment, and continued prosecution while the Receiver actively seeks to compel transfer of the IONOS accounts and domains and while ownership of those domains is formally contested in the Pennsylvania court.

**COUNT VI – Declaratory Judgment**

Defendant seeks a judicial declaration that the digital assets at issue are under the exclusive jurisdiction and control of the Pennsylvania Receiver Pendente Lite and that Plaintiff has no present right to seize, transfer, or interfere with those assets through this action.

**DAMAGES**

As a direct and proximate result of the foregoing, Defendant has suffered damages including substantial attorneys' fees and costs, interference with and delay in business operations, emotional distress, and other consequential damages. Defendant also seeks punitive damages because the conduct was willful, wanton, and in reckless disregard of Defendant's rights.

**WHEREFORE**

Defendant respectfully requests that this Court:

A. Dismiss Plaintiff's Complaint with prejudice;

B. Enter judgment in favor of Defendant on all Counterclaims;

C. Award compensatory damages, punitive damages, attorneys' fees, and costs against Dialectic PR, LLC;

D. Enter the declaratory judgment requested in Count VI; and

E. Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Defendant demands a trial by jury on all issues so triable.

Dated: September 21, 2026

Respectfully submitted,

**Harry Jacob Hanchar**
*Pro Se* (Solely in his individual capacity)
22 Wedgewood Lane
Pittsburgh, PA 15215
(412) 852-7132
hjh122@gmail.com

**VERIFICATION**

I, Harry Jacob Hanchar, am the Defendant in the above-captioned action and appear *pro se* solely in my individual capacity. I hereby certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I have read the foregoing Answer to Complaint, Affirmative Defenses, and Counterclaims.
2. The factual statements contained therein are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 21st day of September, 2026.

____________________

Harry Jacob Hanchar

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of September, 2026, a true and correct copy of the foregoing Answer to Complaint, Affirmative Defenses, and Counterclaims, together with the Verification, was served upon counsel for Plaintiff via the Court's electronic filing system (ADS) and/or by email at:

David J. Rubenstein, Esq.
Rubenstein Business Law
drubenstein@rubensteinbusinesslaw.com

______________________
Harry Jacob Hanchar